CITY OF LINCOLN v. HENSON CALVERT.

FILED FEBRUARY 7, 1894.     No. 5622.

1. **Municipal Corporations:** DEFECTIVE STREETS: REPAIRS. The duty ordinarily resting upon a city to maintain its streets and sidewalks in a reasonably safe condition for travel in the ordinary mode is remitted during the time occupied in making repairs or improvements.

2. ———: ———: ———. But in such case the city is free from liability only for such obstructions or unsafe conditions as are reasonably necessary for the purpose of performing the work and such as are maintained only for the time reasonably required for making such improvements.

3. ———: ———: ———: NEGLIGENCE. And where a street is rendered unsafe for travel in the ordinary modes by improvements in progress thereon the city must exercise reasonable care to protect the public from the consequences of such unsafe condition.

4. ———: ———: NEGLIGENCE: NOTICE: LIABILITY FOR INJURIES. While a city is liable only for injuries resulting from defects

brought to its notice or existing under such circumstances that ignorance of the defect amounts in itself to negligence, still, when the defect is caused by the direct act, order, or authority of the city, notice is necessarily implied.

5. ———: ———: ———: INSTRUCTIONS. In an action for injuries sustained from the defective condition of a street caused by grading operations preparatory to paving, the court instructed the jury that it was the duty of the city to use reasonable care in keeping the sidewalk in a reasonably safe condition, and if the city failed so to do and maintained a dangerous condition for a considerable time it would be liable. *Held*, Erroneous for not stating the rule fixing the city's duty and liability as defined in the first, second, and third of the above paragraphs, and in charging the city for an unsafe condition maintained for a considerable time instead of an unreasonable time.

6. Review. The evidence examined, and *held* to conform to the allegations of the petition and to be sufficient to sustain the verdict.

ERROR from the district court of Lancaster county. Tried below before HALL, J.

*N. C. Abbott, City Attorney*, and *Abbott, Selleck & Lane*, for plaintiff in error.

*Leese & Stewart, contra.*

IRVINE, C.

The defendant in error recovered a judgment of $2,000 and costs against the plaintiff in error because of injuries sustained by defendant in error through a fall occasioned, as he alleged, by the defective condition of a street.

1. The first assignment of error to be noticed is that there was a variance between the allegations of the petition and the proof. The allegations of the petition in regard to the manner in which the accident occurred are briefly as follows: That on the west side of Tenth street between S and T streets, and extending beyond T street, there is a sidewalk; that while plaintiff was walking along and upon said sidewalk at the southwest corner of Tenth and T

streets he fell down and into an excavation or cut negligently, willfully, and knowingly made and left by the defendant in the sidewalk at said point and place, causing plaintiff to fall across and upon a large curb or other stone, by defendant negligently, purposely, and willfully left lying at that point and place against the bank of said cut or excavation; that said cut or excavation was knowingly and negligently made and left so as to be dangerous and unsafe to persons walking along said sidewalk a long time prior to the injury, and said sidewalk was knowingly, willfully, and negligently permitted to remain in said condition, and said stone knowingly, willfully, and negligently permitted to remain in a dangerous and unsafe condition to persons walking along said sidewalk; that the place where said sidewalk was defective and dangerous was about the edge and beginning of the crossing of Tenth and T streets, and that the said cut and excavation was in T street, occupying and filling all the space in T street at said point.

The proof offered on the part of the plaintiff was that Tenth street extended north and south, T street crossing it at right angles. Both streets at and near their intersection had been graded, or were in process of grading, preparatory to paving, a cut being made at the intersection estimated by different witnesses at from three to seven feet in depth. A portion of the sidewalk along T street at the southwest corner of the intersection had been removed, and along the sidewalk line a pathway had been cut or worn, inclining from the original surface of the ground towards the bottom of the cut in T street. Curb-stones had been thrown along T street, but had not been placed in position. One of these, of considerable size, was left lying across this pathway. Its precise position seems to have been described by witnesses by some means of illustration probably perfectly clear to the eye but far from appearing clear upon the record. It would seem, however, that this stone lay at or near the bottom of the incline and in a diagonal direction

across the pathway. Upon the day of the accident Calvert, who lived north of T street, walked south along Tenth street to the place of his labor, when rain setting in, work was stopped and he started to return home by the same route. When he reached the place where the sidewalk had been removed he found that the rain had rendered the inclining pathway muddy and slippery. He took a long step or leap to reach the stone, alighted upon it, but the stone itself being wet, he lost his footing and fell, striking the stone in his fall and sustaining an injury.

The city construes the petition as charging that Calvert fell from the brink of the excavation into it and upon the stone and claims that the proof does not conform to those allegations. We think this construction of the petition too narrow and unwarranted. That might be the inference from some of the language of the petition, but when all the allegations in regard to the condition of the street and the manner of the injury are taken together, we think the proof fairly conforms thereto. The language of the petition may be open to criticism for want of precision, but the pleader was not required to state his evidence, and a more precise statement of the facts would probably be difficult. The language used was sufficient to apprise the city with sufficient certainty of the facts claimed to exist.

2. We shall next consider the assignment that the verdict is not sustained by the evidence, and in order to do so it will be necessary to first state the principles of law governing the case, a statement which is also necessitated for the purpose of examining the instructions. It is the established law of this state that a city is required to use all reasonable care to keep its sidewalks and streets in a reasonably safe condition for traveling in the ordinary modes of travel, and for failure to do so it is liable for injuries sustained by one not guilty of contributory negligence. (*City of Lincoln v. Smith*, 28 Neb., 762, and cases there cited.) But the city is liable only for its negligence, and

ordinarily it must have notice of the defect complained of before it can be charged; but notice will be presumed where the facts are such that ignorance of the defect can only arise from a failure to exercise reasonable official care. (*City of Lincoln v. Smith, supra.*) Where, however, the street has been rendered unsafe by the direct act, order, or authority of the city itself, the city necessarily has notice and is liable. (2 Dillon, Municipal Corporations, sec. 1024, and cases cited.) But where a city is charged with the care of streets and the duty of improving them, the duty of keeping them in a reasonably safe condition for travel is remitted during the time occupied in making repairs or improvements. (*James v. City of San Francisco*, 6 Cal., 528; *Williams v. Tripp*, 11 R. I., 447.) In order, however, that the city should be protected from liability upon this ground it must exercise reasonable care to protect the public from the consequences of the unsafe condition of the street. (*City of Covington v. Bryant,* 7 Bush [Ky.], 248.) Therefore, an impassable condition of the street requires that the city should erect guards or barricades to keep the public off. (*City of Omaha v. Randolph*, 30 Neb., 699.) And in any event the city is only protected from liability for such obstructions or unsafe conditions as are reasonably necessary for the purpose of performing the work, and such as are maintained only for the time reasonably required for making such improvements. (*Williams v. Tripp, supra.*)

Applying these rules to the evidence, we find evidence in the record tending to show that the grading had been practically completed for about two months. The curbstones had been delivered about ten days before the accident, and this particular stone had been lying in this spot for that period. There is slight evidence upon the part of the city tending to show that a rainy season had delayed the progress of the work, but such evidence is of a very unsatisfactory character. In order to determine the city's liability these were facts which the jury might properly

consider in determining whether or not by an unreasonable delay the city was guilty of negligence in maintaining the street in such condition.    There is also much evidence in regard to the character of the inclined pathway, the degree of its slope, and the position of the stone.    For the reason that the witnesses indicated these facts by signs and illustrations, we cannot review this evidence as to its sufficiency; but must presume that there was sufficient evidence to justify the jury in finding that an unreasonable and dangerous crossing had been provided.    Upon either of these points the verdict might properly be predicated.

It is urged that the proof shows that the plaintiff was guilty of contributory negligence in attempting to cross. It does appear that a short time before he had passed the spot, going in an opposite direction, and he therefore knew the character of the crossing.    It also appears that there were other routes which he might have taken; but it is inferable in this connection that these other routes were less convenient and possibly as unsafe as the one he chose.    We cannot say, as a matter of law, that a person knowing that a sidewalk is defective has no right to attempt to travel over it.    It has been frequently stated by this court that inferences of negligence or contributory negligence upon a state of facts where reasonable minds might draw different conclusions are exclusively for the jury.    It should be unnecessary to repeat that rule.    In such a case as this it is for the jury to say, under all the circumstances, whether or not the plaintiff should attempt to pass, and whether or not, if warranted in attempting to do so, he exercised proper care in making the attempt.

3. Many errors are assigned in the giving and refusing of instructions.    It will not be necessary to notice all. Some of the instructions asked by the defendant were properly refused if for no other reason because they required as an element necessary to render the city liable that the jury should find that the city had willfully placed

and left the street in a dangerous condition. While the fact that the condition of the street was due to the direct act of the city became important as affecting the question of notice, it would be improper to give the jury any instructions from which it might infer that the city officials must have deliberately placed the street in such condition for the purpose of making it dangerous. Other instructions were properly refused because their substance was given by the court of its own motion.

It is urged that the third instruction given by the court is erroneous in not requiring the jury to find, as a condition necessary to render the city liable, that the city had notice of the defect. A portion of this instruction is as follows: The plaintiff must establish " that said cut and obstruction in said sidewalk were made by defendant and negligently left and allowed to remain by defendant in a condition dangerous and unsafe to persons walking along said street and exercising ordinary and reasonable care therein." This portion of the instruction required that the jury should find, as a condition necessary to establish plaintiff's case, that the cut and obstruction were made by defendant. As already stated, where the defect is caused by the direct act of the defendant, notice is inferred from that fact; and the instruction was correct under the evidence of the case, and more favorable to the city than if it had simply directed the jury in general terms that notice was necessary.

The sixth instruction was as follows:

"If you find from the evidence that the defendant city failed to use reasonable care in keeping its sidewalk on Tenth and T streets in a reasonably safe condition for foot travel, and if you find from the evidence that defendant left and permitted to be left for a considerable length of time a cut in T street where the sidewalk on Tenth street crossed T street, and left or permitted to be left in said crossing a curb-stone for a considerable time, slantingly upon the bank of the cut in the line of the sidewalk travel,

and if you find from the evidence that said cut, if any, and stone, if any, rendered said sidewalk unsafe and dangerous to foot-travelers, and if you find from the evidence that plaintiff, while walking over and upon said sidewalk, without negligence or want of care upon his part, was injured by reason of said cut and curb-stone, if any, and thereby sustained damages, then defendant is liable therefor."

This instruction was erroneous. It correctly charged the jury as to the general duty of the city to keep its sidewalks in a reasonably safe condition for foot travel, but omitted altogether to direct the jury that the duties imposed upon a city in regard to a street undergoing improvements are different from those generally imposed. The true rule in such cases has been stated above. In the next place the jury was told in effect that if the city permitted to be left for a "considerable length of time" a cut in the street, and permitted to be left for a "considerable time" a curb-stone in the crossing, and that the cut and stone rendered the sidewalk unsafe and dangerous, and that plaintiff was thereby injured without negligence upon his own part, the defendant was liable. This practically took the question of negligence away from the jury. The phrase, "a considerable length of time," is indefinite and proposed no proper test to the jury. The periods of ten days and two months might be, in the estimation of the jury, "a considerable length of time," and the condition of the cut and stone was undoubtedly by the jury found to be dangerous. But the city had a right, in grading and paving the street, to create a condition which would be dangerous, provided it was reasonably necessary to do so in order to make the improvements, and provided further that the dangerous condition was not maintained for an unreasonable time. It might reasonably require a much longer time than was shown to exist in this instance to complete the improvements. Whether the time occupied was reasonable or not was for the jury to determine, and the

test was the reasonableness of the time occupied, and not whether or not a "considerable length of time" was occupied. No other instruction was given upon this subject.

It will not be necessary to review the other instructions. They were substantially correct, and enough has been said to guide the trial court in the course of further proceedings.

REVERSED AND REMANDED.