[No. 4254.   Decided September 23, 1902.]

W. H. Drake *et ux.*, *Respondents*, v. City of Seattle, *Appellant.*

MUNICIPAL CORPORATIONS — EXCAVATIONS IN STREETS — DUTY TO GUARD — NOTICE OF CONTRACTOR'S NEGLIGENCE

The duty to properly guard excavations in streets, although the work is carried on by an independent contractor, rests primarily upon the city; hence actual or constructive notice to the city that the contractor had failed to protect the public against an excavation by placing guards or signal lights there is not necessary in order to render the city liable for the non-performance of that duty.

SAME — CONTRIBUTORY NEGLIGENCE.

The question of plaintiff's contributory negligence in falling into a street excavation was one for the jury, where the evidence showed that plaintiff knew holes were being dug in the street in front of her house, but did not know their exact location, nor that there was a hole at the place where she fell, since there was nothing to indicate its presence, either in the way of barriers, lights or loose dirt; that the excavation was at the intersection of the street on which she lived and a cross street along which a car line ran; that in attempting to board a car at the street intersection she fell into a hole between the tracks, not having heard the warnings called out to her until she was falling and without having noticed there was an opening there.

SAME — VERDICT CONTRARY TO INSTRUCTIONS — HARMLESS ERROR.

The fact that the jury's verdict was contrary to an instruction charging them that the city was not negligent, if it used reasonable care to discover the dangerous condition of the street and the accident intervened before the lapse of a reasonable time between the discovery and the remedy of the defect, was not error, inasmuch as the city was chargeable with the primary duty of guarding excavations in its streets, and the neglect of the persons to whom that duty had been intrusted was the neglect of the city.

Appeal from Superior Court, King County.—Hon. George Meade Emory, Judge. Affirmed.

6-30 WASH.

*W. E. Humphrey, Edward Von Tobel* and *Mitchell Gilliam (John P. Hartman,* of counsel), for appellant.

*George E. Morris,* for respondents.

The opinion of the court was delivered by

FULLERTON, J.—The respondents, who were plaintiffs below, are husband and wife.  They brought this action to recover for personal injuries received by the wife from a fall into an opening made in one of the public streets of the city of Seattle by certain persons who were engaged under a contract with the city in laying a sewer therein. In laying the sewer the contractors did not dig a continuous trench or ditch along the surface of the ground, but dug a series of openings certain distances apart, and connected these by running tunnels from one to the other beneath the surface.  The opening into which the injured respondent fell was made between parallel street car tracks near the intersection of a cross street, where the street cars stopped for passengers to get on and off, and was some four feet wide, sixteen feet long, and twelve feet deep.  The accident occurred about seven o'clock in the evening, and after it had become quite dark.  A street car, on which the respondents intended to take passage, came along the street, stopping opposite the opening.  As the respondents approached the car, the injured respondent noticed a vacant seat on the side of the car next to the opening, and, hastening to reach it, started down between the car tracks, and, failing to heed, or, perhaps, understand, the warnings which were given when her movements were observed by those having knowledge of her danger, fell into the opening, receiving the injuries complained of.  The excavation at that time was without lights or barriers of any kind to mark its presence.  It appears that the sewer had been in the course of construction for some weeks; that the con-

tractors had during that time given warning of the several openings during the night time, by placing lights over them on quitting their work at the close of each day; that they failed to put in place the customary lights on the night in question, for some reason not clearly appearing by the record.    It further appears that the city officers first learned that the lights were not in place at about the time the accident happened; that they took immediate steps to place them, doing so as quickly as arrangements for that purpose could be made, getting them out at about nine o'clock on the same evening.    After the respondents had rested their case the city moved for a nonsuit, basing its motion upon two grounds:  (1) That the respondents had failed to show negligence on the part of the city; (2) that the respondent Elizabeth A. Drake was guilty of contributory negligence.    The overruling of this motion constitutes one of the errors assigned for reversal.

In support of the first ground of the motion, the learned counsel for the appellant invoke the rule that a city, when it has once properly guarded a dangerous defect or excavation in one of its streets, and such guards have been removed without its consent or knowledge, cannot be held liable for an injury caused thereby, unless it be shown that it had notice, either actual or constructive, of the removal of the guards, and has had a reasonable time thereafter in which to replace them, and argue that the facts of the case before us bring the appellant within the rule.    It is contended that because lights had been placed by the contractors to guard the several openings on each night prior to the happening of the accident in question, the city cannot be held liable for that accident without a showing that it had notice, prior to the accident, that the lights had not been put in place on that particular evening in time to have remedied the defect.    But it seems to us that the rule in-

voked has no application to the facts shown here.    Had it been made to appear that the lights had been put in place on the evening of the accident, and prior thereto, and that they had been removed by some unauthorized person, or by some means other than the city's agency, and unknown to the city, then notice of such removal in time to have remedied the defect might perhaps have been necessary to charge the city with liability.    But as lights were depended upon as guards to the excavations, and were put in place during the night time only, there was a recurring duty to so place them on each recurring night, and the city was as much obligated to see to it that they were put in place on the night of the accident as it was at the commencement of the work.    The duty to properly guard the excavations, although it was a public work and carried on by independent contractors, rested primarily upon the city.    This duty it could not delegate, so as to escape liability for its nonperformance as against any person lawfully traveling upon the street.    As is said by Judge Dillon, in his work on Municipal Corporations (§ 1027, 4th ed.):

"Whether the duty of maintaining the streets in a safe condition for public travel and use is specially imposed on the corporation, or is deduced in the manner before stated, *it rests primarily, as respects the public, upon the corporation,* and the obligation to discharge this duty cannot be evaded, suspended, or cast upon others, by any act of its own.    Therefore, according to the better view, where a *dangerous excavation is made* and negligently left open (without proper lights, guards, or covering), in a traveled street or sidewalk, *by a contractor under the corporation* for building a sewer or other improvement, the corporation is liable to a person injured thereby, although it may have had no immediate control over the workmen, and had even stipulated in the contract that proper precautions should be taken by the contractor for the protection of the public, and making him liable for accidents occasioned by his neg-

lect. It is immaterial, as respects the primary liability of the corporation in such a case, whether it has or has not inserted such a clause in its agreement with the contractor."

See also, *Indianapolis v. Marold,* 25 Ind. App.428 (58 N. E. 512) ; *Park v. Board of Commissioners,* 3 Ind. App. 539 (30 N. E. 147), and cases cited.

To perform the work contracted for necessarily required the creation of excavations dangerous to public travel, especially travel by night, and hence the city was charged with notice of the necessity for guards or signal lights. Notice, therefore, that the duty of properly placing such guards or signal lights had not been performed, was not required to charge the city with liability for a nonperformance of that duty.

From the evidence it appeared that the respondents resided on the street along which the sewer was being constructed, and that Mrs. Drake knew that excavations had been made in the street for that purpose. It also appeared that several persons called to her, warning her of the opening into which she fell, just at the time of or immediately preceding her fall. It is on these facts that the claim of contributory negligence is based. Mrs. Drake's testimony was to the effect that, while she had a general knowledge that holes were being dug in the street in front of her house, she did not know their exact location, or that there was any hole at the place at which she fell; that she had not been out to the car since the work on the street had been begun, and that there was nothing at the place she fell, not even loose dirt, to indicate that a hole had been dug there; and that she heard the warnings at the instant she fell, too late to save herself. And, generally, it can be said that, if her testimony is to be believed, she was not guilty of contributory negligence. Whether, therefore, she was

guilty of contributory negligence was a question for the jury, and the court did not err in submitting that question to them.

The court gave to the jury, among others, the following instruction:

"And even though you find that at the time of the injury, or the alleged injury to Mrs. Drake, that the street where she was injured was in a defective and dangerous condition—even though, I say, you find that fact, yet if you find that the city authorities used reasonable care to discover that condition, but that the accident or injury to Mrs. Drake happened before a reasonable time had elapsed after that discovery by the city authorities, in that event you would not be justified in finding that the city was guilty of any negligence and your verdict would have to be for the defendant."

It is said that the verdict of the jury was in direct violation of this instruction, as the evidence is all to the effect that the city did remedy the defect as soon as it was possible to do so after notice had been given it that the excavations had not been guarded on the particular evening the injury occurred.    But, as we have said, the city was charged with the primary duty of guarding these excavations, and that the neglect of the persons to whom it had intrusted that duty was the neglect of the city.    However applicable the instruction may have been to other facts of the case, it was wholly inapplicable to that branch of it to which it is here sought to be applied, and error cannot be predicated because the jury did not so apply it.

Finding no substantial error in the record, the judgment will stand affirmed.

REAVIS, C. J., and HADLEY, DUNBAR, MOUNT, ANDERS and WHITE, JJ., concur.