[No. 5625. Decided September 6, 1905.]

BENJAMIN H. PETERSON, *Respondent,* v. THE CITY OF SEATTLE, *Appellant.*[1]

MUNICIPAL CORPORATIONS—STREETS—NEGLIGENCE—INJURY TO DRIVER OF TEAM THROUGH OBSTRUCTION IN STREET UNDERGOING REPAIRS— TEAM BEYOND CONTROL—VERDICT CONCLUSIVE ON QUESTION OF FACT. There is sufficient evidence to sustain a verdict for the driver of a team, whose horses got beyond his control in coming down a steep grade, and who was thrown from his wagon by obstructions at the street intersection, where it appears that the city, in repairing the intersecting street at the foot of the grade, left a sudden depression, and further obstructed the same with wide planks on each side of street car tracks, without closing the approach to the street, or giving notice of the danger; and the verdict is conclusive on the question of fact.

SAME—DUTY OF CITY. Where a city is improving a street and fails to close it for public travel, it owes the same duty to keep it in a reasonably safe condition as in the case of other streets, in view of the work going on and all the circumstances, and to use reasonable precautions to guard the public from injury.

SAME—ACCIDENTS IN CASE OF RUNAWAY TEAM—OBSTRUCTIONS PROXIMATE CAUSE—INSTRUCTIONS. In an action for injuries sustained through an obstruction in a street by the driver of a team that was running away, it is not error to refuse an instruction to the effect that the city is not bound to anticipate accidents from, or make its streets safe for, runaway teams, where the instruction was not qualified by a statement that the city would be liable if the proximate cause of the accident was the unsafe condition of the street, without negligence on the part of the plaintiff, and where other instructions properly stated the law on the subject.

Appeal from a judgment of the superior court for King county, Albertson, J., entered September 26, 1904, upon the verdict of a jury rendered in favor of the plaintiff, for personal injuries sustained through an obstruction in a street. Affirmed.

*William Parmerlee (Scott Calhoun* and *Gilbert F. Bogue,* of counsel), for appellant.

[1] Reported in 82 Pac. 140.

*Graves, Palmer, Brown & Murphy* and *Robert F. Booth,* for respondent.

Crow, J.—Action by respondent, Benjamin H. Peterson, against the city of Seattle, appellant, to recover damages for personal injuries sustained. Denny Way, a public street in the city of Seattle, running east and west, intersects Eastlake avenue, another public street running north and south. Denny Way, as it approaches Eastlake avenue, from the east, has a very steep descending grade, but at the crossing comes to a level, and continues west with but little grade, if any. On Eastlake avenue are two parallel street car tracks, extending north and south, at right angles to Denny Way.

On July 22, 1903, and for some time prior thereto, the city had been repairing Eastlake avenue, by constructing new sidewalks and making other improvements, and in doing said work, had removed a number of large planks from said sidewalk and street, and had plowed the surface of the ground, making a sudden depression where Denny Way intersected the east line of said avenue. Wide planks were left on each side of the street car tracks, flush with the rails, thus causing another obstruction at the outer edges of said planks. During the progress of said improvements, Eastlake avenue remained unguarded and open for public travel.

On said July 22, 1903, respondent, in charge of a team and wagon, was driving down Denny Way towards Eastlake avenue. The wagon, at the time empty, was designed for hauling dirt or gravel, having a bed composed of loose pieces which could be readily removed in unloading. Respondent, standing on this wagon bed, temporarily lost control of his horses, but regained control just as he reached Eastlake avenue, where the wagon first received a jolt, and immediately afterwards struck the obstruction at the car rails, causing the wagon bed to be jarred loose and thrown

into the air.  Respondent being then carried or drawn to the west line of said avenue, was thrown violently to the ground, was run over by the wagon, and sustained the injuries complained of.  The horses ran away, and were afterwards found some considerable distance from the scene of the accident.  Respondent testified that he had no knowledge of the conditions at said crossing, not being familiar with that locality.  From a verdict and judgment for $1,250 in favor of respondent, this appeal has been taken.

Appellant's first contention is that the trial court erred in denying its challenge to the sufficiency of the evidence offered by respondent, and in support of this proposition contends, that the work of said improvement was not done in a careless or negligent manner; that respondent's horses were running down a steep grade, which stopped abruptly at Denny Way, and that his wagon, being built of loose boards, would, with the concussion, go to pieces when it struck the line of Eastlake avenue, whether the planking had been removed or not; that, if this was not the case, then the rails of the car tracks accomplished the wreck and caused the accident; and that it was not the duty of the city to remove the car rails in anticipation of some runaway team coming madly down Denny Way.

Upon all these points, there was more or less conflict of evidence, and it was for the jury to determine the issues of fact involved.  Questions of fact arose as to whether the running of the horses, or the unsafe condition of the street, was the proximate cause of the accident; also, as to whether the street, being left open, was in a reasonably safe condition for public travel; and whether the city had been guilty of negligence, or respondent was guilty of contributory negligence.  These questions were for the jury, and there was sufficient evidence to warrant their submission for its determination.  In weighing the evidence and arriving at its verdict, the jury must have found, and was warranted by the evidence in finding, that said street was

in an unsafe and dangerous condition, that the city was guilty of negligence, that respondent was not guilty of contributory negligence, and that the unsafe condition of said street was, without negligence on the part of respondent, the proximate cause of the accident. Upon these facts, respondent was entitled to a verdict. *Gray v. Washington Water Power Co.*, 27 Wash. 713, 68 Pac. 360.

Appellant contends that the trial court erred in giving the following instruction to the jury:

"Now a city has the right, and it is its duty under certain conditions, to improve a public highway, and in the progress of the improvement it has the right, and necessarily must, on occasion tear up the street and put it in a less safe condition than it formerly was, and it should have a right, if it becomes necessary, to render a street impassible during the progress of the work, to close it entirely to public travel. But if while the work is in progress the city does hold it open for public travel and invite the public to cross over it, the same duty is upon the city as in the case of an ordinary street, which is not being improved, to see that it is kept in a reasonably safe condition for public travel in view of the improvement and work going on and all of the surrounding circumstances. Now, applying the evidence to that proposition of law, it is for you to say whether at the time and place in question this street intersection was kept by the city in a reasonably safe condition for public travel."

We think this instruction was proper, and fairly stated the law of the case. Appellant, however, contends that, while it is the usual rule of law that a city is required to keep its streets and highways in a reasonably safe condition for passers-by, that this rule has no application to a street undergoing repairs or public improvements, and requested the trial court to give an unqualified instruction to that effect, which was refused; and appellant, in its brief, now urges the proposition that said duty ordinarily resting upon the city is remitted during the time occupied in making repairs or improvements, and cites the following

authorities: *Lincoln v. Calvert,* 39 Neb. 305, 58 N. W.
115; *South Omaha v. Burke,* 3 Neb. (Unof.) 309, 91 N. W.
562; *James v. San Francisco,* 6 Cal. 528; 65 Am. Dec.
526; *Williams Bros. v. Tripp,* 11 R. I. 447; Jones, Negli-
gence of Mun. Corp., § 84.

We have carefully examined all these citations, and are
of the opinion that they do not support appellant's posi-
tion in this case. But were they in point, we could not
follow them, as it is the well-established law of this state,
as announced by this court, that, if a city undertakes to
alter, repair, or improve its streets, it is in duty bound
to use reasonable precautions to guard the public from in-
jury, and in doing so may, if necessary, temporarily close
said street from public travel. *Carroll v. Centralia Water
Co.,* 5 Wash. 613, 32 Pac. 609, 33 Pac. 431; *Sutton v.
Snohomish,* 11 Wash. 24, 39 Pac. 273, 48 Am. St. 847;
*Sproul v. Seattle,* 17 Wash. 256, 49 Pac. 489; *Rowe v.
Ballard,* 19 Wash. 1, 52 Pac. 321; *Drake v. Seattle,* 30
Wash. 81, 70 Pac. 231. The evidence in this case tended
to show that said Eastlake avenue was in a very dangerous
condition for public travel, especially for vehicles coming
down Denny Way and crossing said avenue. No guards
were placed across Denny Way, nor was any other method
adopted which would have warned respondent of any im-
pending danger.

The trial court refused the following instruction requested
by appellant:

"A city is only required to guard against danger from
the ordinary and customary uses of its streets, and cannot
be compelled to anticipate that an accident will happen from
some unforseen cause, such, for instance, as a runaway team
of horses. That it is not required to anticipate and meet
such conditions or to make its streets safe for runaway
teams."

This instruction, as an abstract proposition of law, may
be correct, as far as it goes, but it is not qualified in

any way. It omits any instruction to the effect that, if a dangerous condition in a street is the proximate cause of an injury to the driver of a runaway team, the city will be liable, provided said driver be himself free from negligence. In other instructions given, the jury were properly informed as to the law on both of these points; appellant, therefore, was not prejudiced by the refusal of the court to give the instruction as requested.

We find no error in the record, and the judgment is affirmed.

MOUNT, C. J., RUDKIN, HADLEY, FULLERTON, and DUNBAR, JJ., concur.

ROOT, J., having been of counsel, took no part.