THE MISSOURI PACIFIC RAILWAY COMPANY V. RICHARD N. DORR.

No. 14,573.    (85 Pac. 533.)

SYLLABUS BY THE COURT.

1. RAILROADS—*Injury to Employee—Defective Appliance—Notice.* Before an employee of a railroad company can recover from the company for injuries resulting from a defective appliance on a locomotive, of which defect the railroad company had no actual knowledge, he must show that it had existed for such a length of time that the company should have discovered and remedied it.

2. JURY AND JURORS—*Special Finding Too Indefinite.* There was a finding by the jury that the injury in question would not have occurred but for the defect, and that the company had no actual knowledge of its existence. They also found, in response to a question as to the duration of the defect, that it had existed "for some time previous to the accident." *Held,* that the latter finding is too indefinite to support a recovery.

3. ——— *Second Finding Also Indefinite—Presumption on Review—Waiver.* At the instance of the defendant the jury were required to make a more definite answer to the question, but the second answer was no more specific than the

first, and, as the second effort to obtain a specific answer had failed, it is not to be presumed that a better result would have been obtained by still other efforts; nor did the defendant waive its right to object to the finding by failing to request the court to have the effort repeated.

4. —— *Finding and Evidence.* A finding of a jury upon a specific and controlling question must be deemed to be as full and definite an answer as the testimony in the case will warrant.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed April 7, 1906. Reversed.

*J. H. Richards,* and *C. E. Benton,* for plaintiff in error; *Smyth & Helm,* of counsel.

*Houston & Brooks,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: Richard N. Dorr was the head brakeman on a freight-train of the Missouri Pacific Railway Company. On his fourth trip over the line he fell from the steps of the locomotive and the wheels passed over and crushed his legs, making it necessary to amputate one of them above, and one below, the knee. He brought this action, alleging that the injury was due to the negligence of the railway company. In his testimony he related the circumstances of the unfortunate occurrence, saying substantially that he was riding on the engine, and as the station of Freeport was approached it was suggested to him that he make ready to get off, which he proceeded to do; that he grasped the handhold of the tender and reached for the handhold of the cab at the opposite side of the passageway, and, it being considerably lower than the other handhold, he leaned over, and just as he was about to catch it there was a jar of the engine which threw him off his balance; and that he then placed his foot on the lower step, which, being defective, tilted him off, his handhold broke loose, he fell to the ground, and rolled under the wheels, receiving the injuries

mentioned. In his petition the negligence imputed to the railway company was the sudden checking of the train, the improper position of the handholds, the defective step, and the condition of the ground upon which he fell, causing him to roll toward the track. The railway company alleged, and offered testimony tending to show, that the step was not defective, and its condition was the main point in dispute between the parties. It was insisted by the company that in any event Dorr knew of the existing conditions, and that his own negligence contributed to the injury. The trial resulted in a verdict for Dorr, and the jury awarded him damages in the sum of $35,000. There was no claim that the injury was malicious, wilful, or wanton, and hence no part of this exceptionally large award was exemplary damages.

It is earnestly contended that the evidence does not prove the alleged negligence of the railway company, and it is also argued that it affirmatively shows that the injury was due to a want of care on the part of Dorr. Of this branch of the case it may be said that in some respects the testimony is not satisfactory, but it cannot be held that the finding that the company was negligent is without support, nor would the court be justified in saying, as a matter of law, that a recovery by Dorr was barred by his own negligence.

The railway company insists that it is entitled to judgment on the findings, claiming that they in effect acquit it of the charge of negligence. It appears from the evidence and the findings that the liability of the railway company is based principally upon its negligence in maintaining a defective step. To question No. 18, which was, "If you find that said step was out of repair, state in answer to this whether you find plaintiff would have been injured if said step had not been out of repair," the jury answered, "No." To hold the company for injuries to an employee because of defective machinery or appliances it is necessary

that the company should have had knowledge of the defect, or that it ought to have had such knowledge by the use of ordinary care. There was a finding by the jury that the step on the engine was out of repair at the time of the injury, and in answer to another question as to the nature of the defect the jury answered: "The stirrup was bent up in the center at the bottom —bolt was loose, and flanges broken." To the special question, "What person or persons in the employ of the defendant are shown by the evidence to have had notice prior to the accident in question that said step was out of repair?" the jury answered, "No one." The special interrogatory, "If you answer question No. 13 in the affirmative, state for how long a time said step had been out of repair," was answered by the jury, "For some time." The railway company moved the court to require the jury to answer the question more definitely, and the judge stated, "I presume they are entitled to a more definite answer to that, as to how many days or weeks," and allowed the motion. Later the jury returned with the enlarged answer, "For some time previous to the accident." These findings do not warrant a recovery. Whether the defect existed for such a length of time as to charge the railway company with notice of the defect was an important consideration. Notice or knowledge cannot be presumed unless the duration and character of the defect were such as should have been discovered by the railway company by the exercise of ordinary care and diligence. In *Harter v. A. T. & S. F. Rld. Co.*, 55 Kan. 250, 38 Pac. 778, it appeared that an injury to an employee was caused by a defect in a railway-track. The court remarked:

"This, however, is not enough to warrant a recovery against the defendant. There must be evidence fairly tending to show either that the defendant knew of the existence of the defect, or that, in the exercise of reasonable and ordinary care and diligence, the defect could have been discovered before the accident." (Page 258.)

(See, also, *A. T. & S. F. Rld. Co. v. Wagner*, 33 Kan. 660, 7 Pac. 204; *A. T. & S. F. Rld. Co. v. Ledbetter*, 34 Kan. 326, 8 Pac. 411; *Carruthers v. C. R. I. & P. Rly. Co.*, 55 Kan. 600, 40 Pac. 915; *Railroad Co. v. Tindall*, 57 Kan. 719, 48 Pac. 12; *Railroad Co. v. Swarts*, 58 Kan. 235, 48 Pac. 953.)

It has been found that Dorr would not have been hurt but for the defective step; that none of the employees of the railroad company knew of the defect; and that the step had been out of repair "for some time previous to the accident." Was it out of repair long enough to charge the railroad company with constructive notice of the defect? How long a period is "some time"? In the Century Dictionary the word "some" is defined as "a certain indefinite or indeterminate quantity or part of; more or less. Often so used as to denote a small quantity or a deficiency." The definition given in Webster's International Dictionary is: "Consisting of a greater or less portion or sum; composed of a quantity or number which is not stated; used to express an indefinite quantity or number"; and, also, "not much; a little."

In *Lewis v. Jones*, 17 Pa. St. 262, 55 Am. Dec. 550, a witness had testified about the purchase of "some hay" and "some grain" to feed stock, and the court was asked to base an instruction thereon, which was refused. In reviewing the case it was said that " 'some' is a term too uncertain in its signification to sustain a verdict for any definite amount. It may mean a single ounce, or 10,000 tons—a single quart, or 20,000 bushels." (Page 267.) In the same connection it was said that "nothing can more justly impair confidence in the administration of justice than the practice of encouraging, or even permitting, a jury to find facts of which there is no evidence." (Page 267.) In *Marq., Hought. & Ont. R. R. Co. v. Spear*, 44 Mich. 169, 6 N. W. 203, 38 Am. Rep. 242, the court, in speaking of a promise to repair an engine "some time," said that

"the promise was wholly indefinite." (Page 172.) In *City of Lincoln v. Calvert,* 39 Neb. 305, 58 N. W. 115, there was an instruction given in a personal-injury case to the effect that if the city permitted a defect in the street to continue for a "considerable length of time," which rendered it unsafe and dangerous, a liability would arise, and it was held that a "considerable length of time" was so indefinite as to form no proper test for the guidance of the jury. (Page 312.) In *St. Louis Paper-box Co. v. J. C. Hubinger Bros. Co.,* 100 Fed. 595, 40 C. C. A. 577, the court had before it a contract for the sale of a large number of articles, and there was a provision in it that if the vendee should receive "some" that were not up to sample he should return them to the vendor, who would replace them, and the court interpreted the word "some," as used in the contract, to mean "a small or inconsiderable number." To the same effect is *Chase v. City of Cleveland,* 44 Ohio St. 505, 9 N. E. 225, 58 Am. Rep. 843. In *Railroad Co. v. Swarts,* 58 Kan. 235, 48 Pac. 953, where the question was whether a certain hole had existed such a length of time that the railway company should have known of it, Chief Justice Doster discussed the matter of time. Among other things he said:

"What is meant by a 'considerable time,' as related to the duration of a defect in railroad-tracks which will charge the company with knowledge? Suppose the jury had found in plain terms: 'The hole did not exist for a considerable time.' Who would have been the wiser as to whether it had existed long enough to enable the company's responsible agents to discover and repair it? Such a finding would have been too indefinite to aid in the determination of the disputed question." (Page 245.)

"Some time" is equally as indefinite as a "considerable time," and certainly it is not a longer time. It is evident that the jury were unable to find from the evidence what length of time the defect did exist, and

upon what basis could they have found that it did exist such a length of time that it should have been discovered and remedied by the railroad company? The finding is the equivalent of an answer that "the step was out of repair before the accident, but the length of time we do not know." The jury were pressed for a specific answer to the question, but their second attempt added words but not definiteness to the answer. After the second effort to obtain a definite answer to the question had failed there was no good reason to expect anything more explicit from the jury on the testimony submitted, and therefore no reason why the court should have been asked to send the jury back for a better answer.

It is argued that the necessary facts are presumably found in the general verdict. The general verdict had no other or better support than the special finding. The question was specific; it was controlling. A definite answer was required, and it must be presumed that the jury made as full and as definite an answer as the testimony would warrant. How, then, can it be said that the general verdict helps out the special finding? The general rule is that the general verdict yields to the special findings. The purpose, in part, of special findings is to explain and test the correctness of the general verdict. Applying this test, it appears that the jury must have misunderstood or misapplied the law as to constructive notice of the defective step. The court, in effect, instructed that the company was not chargeable with constructive notice, "unless the defects were of such a nature, or had existed for such a length of time, that they should have been discovered and remedied by the defendant." The jury's answer as to the length of time was no more than a conjecture. If they could not approximate the duration of the defect, they could not intelligently find that it had existed so long that it should have been discovered and remedied by the railroad company. As was said in *Railroad Co. v.*

*Tindall,* 57 Kan. 719, 48 Pac. 12, "a finding of negligence cannot rest on mere conjecture." (Page 723.)

On account of this finding the verdict is set aside, the judgment reversed, and the cause remanded for a new trial.

All the Justices concurring.