[No. 1521.  Decided January 26, 1895.]

# SYLVANUS B. MERRILL, *Respondent*, v. H. N. MUZZY *et al.*, *Appellants*.

NEGOTIABLE INSTRUMENTS — AGREEMENT FOR GUARANTY — NOTICE TO PAYEE — ACTION FOR INTEREST DUE — ATTORNEY'S FEE.

Guarantors on a promissory note cannot escape liability on the ground that they signed with the understanding that others should also sign, of which fact the payee had knowledge, when the only showing made by the evidence is, that the application for the loan for which the note was given stated that the note would be indorsed by certain persons named, and the acceptance stated that the note was " to be indorsed by the several gentlemen named, or as many of them as may be at hand," while the note as executed did not contain the name of one of the persons named in the application.

The fact that in an application for a loan it is stated that the note will be guaranteed by certain persons could not convey notice that there was any agreement among such persons that all should become guarantors before any should be bound, when there is nothing on the face of the application to show that the proposed guarantors were parties thereto.

When it appears upon the face of a promissory note that others than those named in the application for the loan had joined in the guaranty, the payee is authorized to assume that so far as the guaranty provided for in the application was confined to certain persons, its terms had been changed before the execution of the note.

A provision in a promissory note that in case of suit to collect the note, or any portion thereof, a certain sum should be payable as attorney fees, makes such fee collectible only in case of dishonor of the note, and not upon suit to collect an installment of interest due.

*Appeal from Superior Court, Spokane County.*

*Blake & Post,* and *L. H. Prather,* for appellants.

*Samuel R. Stern,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.—In 1890, Spokane College, a corporation organized under the laws of the State of Washington, desired to borrow twenty thousand dollars, and

for that purpose authorized one A. E. Lasher, its former president, to go east and negotiate a loan for that amount. Said Lasher entered into communication with one Frank J. Webb, a broker in investment securities, in Syracuse, New York, and addressed to him a communication of which the following is a copy:

"SYRACUSE, N. Y., June 19, 1890.

"DEAR SIR: Spokane College, Spokane Falls, Washington, desires to borrow $20,000 for five years with the privilege of paying it at the expiration of three years.

"The college is a Methodist educational institution, duly chartered under the laws of the state, and may sue and be sued in its corporate capacity.

"The property belonging to the corporation is as follows:

26 acres of land in the city of Spokane Falls, valued at a
    very low estimate at...........................$500,000 00
Building erected thereon, cost........................ 30,000 00
Endowment notes and other real estate................ 90,000 00
Apparatus, library and other personal property....... 10,000 00

                                                    $630,000 00

"These figures are given very conservatively, and are much below our own valuation. The college authorities value the property at $800,000. The 26 acres of land lies in the heart of the city, surrounded by streets graded and finished, electric lighted and cable road. The city has a population of about 30,000 and is growing rapidly.

"The corporation would be very willing to give a mortgage upon its real estate as security for this loan, but the grant of land contained a provision prohibiting the trustees from placing such a mortgage, and it is a matter of question as to whether a mortgage would be valid security.

"As security for the loan, the trustees propose to execute a note of $20,000, signed by the president and secretary of the board, after a meeting of the board shall have been held and a resolution passed authorizing the execution of said note. And a certified copy of such action will be sent to the party loaning the

2 — 11 WASH.

money. The board further agrees to take any other steps necessary to legalize the loan and to furnish full information thereon.

"The note will be indorsed by J. B. Sargent, estimated worth from $70,000 to $100,000; H. Brook, estimated worth from $150,000 to $200,000; B. F. Burch, estimated worth from $150,000 to $200,000; W. C. Gray, estimated worth $70,000; H. Muzzy, estimated worth $500,000; I. S. Kaufman (provided he is at home), estimated worth $150,000.

"These men are all trustees, and residents of Spokane Falls. And their property is mainly in real estate.

"The loaner is expected to make any inquiries he may see fit in regard to the standing of the proposed indorsers.

"There is no incumbrance against any of the property owned by the college. And the trustees will bind themselves and their successors that there shall not be any liens placed upon the property during the life of the proposed loan.

"The note will bear interest at the rate of eight per cent. (8%) per annum, payable semi-annually, both principal and interest payable in N. Y. funds, at any bank in Syracuse you may designate.

"Insurance in responsible companies will be written to the amount of $20,000, the sum to be made first payable to the loaner as his interest appears.

"Signed, on behalf of the trustees,

A. E. LASHER,
*Ex-President of Spokane College.*"

The purpose of this communication was to enable said Webb to find some one who would be willing to make the loan which the corporation was seeking. It was by him presented to the plaintiff and one Hamilton S. White, by whom it was favorably received, and the following sent by them directly to said A. E. Lasher:

"SYRACUSE, N. Y., June 19th, 1890.

"*A. E. Lasher, Esq., representing the Officers and Trustees of Spokane College:*

"DEAR SIR—We propose to take the $20,000 loan asked for by your college, upon the terms stated in the

application addressed to Mr. Frank J. Webb, dated June 19th, 1890, with this modification. We wish an opinion from one of the judges of your courts, that the real estate owned by the college corporation can be levied upon, should we be obliged to sue and take judgment in order to collect the debt.

"In addition, we ask that the president of Spokane College send to us, with notes hereinafter described —

"1. A statement of the various pieces of real estate, buildings and other property owned by the college, with estimated value.

"2. A certificate that there are no incumbrances or liens against the property at the time of our taking note payable to Sylvanus B. Merrill, for $5,000, and of same date and tenor as the $15,000 note.

"Both notes to be indorsed by the several gentlemen named in the application, or as many of them as may be at hand.

"We suggest that the amount of attorney's fees be placed at $200.

"$5,000.                    SYLVANUS B. MERRILL,
"$15,000.                   HAMILTON S. WHITE."

It does not appear from the proofs that any other communication was had between the plaintiff and said White and the corporation, or its representatives, until the note upon which this action was brought was presented to the plaintiff, and another of like tenor but for a larger amount to said White. This note was in the following form:

"$5000.00.

"SPOKANE FALLS, WASHINGTON, July 3d, 1890.

"Five years after date, without grace, for value received, Spokane College promises to pay to the order of Sylvanus B. Merrill five thousand dollars, in U. S. gold coin, of the present standard value, with interest thereon, in like gold coin, from date until paid, at the rate of eight per cent. per annum, interest payable semi-annually; waiving presentation for payment, protest and notice of protest, and non-payment of this

note; and in case suit or other action is instituted to
collect this note or any portion thereof, promises and
agrees to pay two hundred dollars, in like gold coin,
for attorney's fees in said suit or action.

"The principal and interest of this note payable at
the Bank of Syracuse, New York, in N. Y. exchange.

SPOKANE COLLEGE,
By W. C. GRAY,
*President of the Board of Trustees.*

By R. ABERNETHY,
*Secretary of the Board of Trustees.*"

Indorsed as follows, to wit: "We hereby guarantee
the payment of the within note.

H. N. MUZZY,
H. BROOK,
J. B. SARGENT,
W. C. GRAY,
ROBERT ABERNETHY,
E. L. POWELL."

Upon its delivery to the agent of the plaintiff, the
money was paid over to the college, or its representa-
tive. Default having been made in the payment of an
installment of interest, this suit was brought against
the persons who had guaranteed the payment of the
note. They set up in their answer that they signed
such guaranty with the understanding that certain
other persons should also sign, and that the plaintiff
had knowledge of that fact. By reason of this un-
derstanding, and the alleged knowledge thereof by the
plaintiff, the defendants contend that they cannot be
held as guarantors of the payment of the note. The
superior court was of the opinion that there was
nothing in the proofs which tended to show that the
plaintiff had any knowledge of any reservation or
understanding of the guarantors, and instructed the
jury to return a verdict for the plaintiff. Its action in

so doing is the only reason suggested why the judgment should be reversed.

There is no dispute between counsel as to the law upon this question.

The only difference between them is as to the facts established by the proofs. On the part of the plaintiff it is claimed that the judgment should be affirmed for the reason that there was no proof tending to show that the plaintiff had knowledge of any fact which would affect the guaranty by those whose names appeared upon the note as guarantors. The defendants contend that there was testimony which tended in some degree to show such knowledge, and that the determination of the question should have been left to the jury. The only evidence upon which the defendants found their claim is contained in the application, acceptance and note, copies of which are hereinbefore set out. They contend that the form of the application was such as to furnish notice to the plaintiff of an understanding between the proposed guarantors that all should sign before any should be bound. In our opinion no such inference can be drawn from the language of the application. The fact that in the application it is stated that the note will be guaranteed by certain persons could not convey any notice that there was any understanding or agreement among such persons that all of them should become guarantors before any of them should be bound. Nothing appears upon the face of such application to show that they were privy to the offer of their names as security excepting the fact that it was therein stated that they were trustees of the corporation; and such statement was not sufficient to make the proposed guarantors parties to the application. Such application was made by or on behalf of the corporation, and, as a part of

the security offered for the money, was a proposed guaranty of the note to be given by the company. There was nothing therein which in any way notified those to whom it was presented that the entire security offered must be furnished before any of it could be made available.

For this reason we are of the opinion that the application had nothing therein which in any manner notified the plaintiff of the existence of the understanding among the guarantors relied upon as a defense. If, however, there was any doubt in regard to the construction of the application taken alone, such doubt would be resolved against the contention of the defendants when the terms of the acceptance of the application are taken into consideration. From such acceptance it clearly appears that the plaintiff was not relying upon a guaranty of the note by the particular persons stated in the application. And, since this acceptance was brought to the notice of the maker of the application, the two papers must be construed together.

But, even if the two papers taken together could be construed as contended for by the defendants, the note and guaranty are in such form and so signed as to show that the condition as to the joining of the persons named as guarantors had been changed. It appears upon the face of the note that others than those named in the application had joined in the guaranty, and this fact authorized the plaintiff to assume that so far as the guaranty provided for in the application was confined to certain persons, its terms had been changed before the execution of the note.

For any or all of these reasons the lower court correctly found that there was nothing in the case which would authorize the jury to find that the plaintiff had

any knowledge of any understanding among the guarantors which would change the contract as it appeared upon the face of the note.

The plaintiff sought to recover, in addition to the interest due, the sum of two hundred dollars as attorney fees, and has appealed from the ruling of the court which refused to include such sum in the judgment. By the terms of the note such sum as attorney fees was to be paid in case suit was instituted to collect the note, or any portion thereof. Is an installment of interest upon which suit may be brought before the maturity of the note a portion thereof within the meaning of this provision? The answer to this question must depend upon the fact as to whether or not this sum was to be paid more than once. If it was not, it could only be collected after the note had been dishonored, so that it would not pass to an innocent holder without burdens. Until such dishonor an innocent purchaser would take with the note the right, apparent upon its face, to recover the attorney fee in case of suit. Hence, until dishonor no attorney fee could be collected without the risk of subjecting the maker to the payment of such fee more than once. That non-payment of an installment of interest does not dishonor a note, is conceded. Was it the intention of the parties to provide that this two hundred dollars should be paid more than once? In our opinion it was not. If we should hold that it could be collected more than once, it would necessarily follow that it could be collected many times. The parties could not have intended that such a possible burden should be placed upon the maker of the note.

The judgment will be in all things affirmed. Neither party will recover costs of this court.

SCOTT, ANDERS, DUNBAR and GORDON, JJ., concur.