[No. 3248.   Decided June 9, 1899.]

JAMES REED, *Respondent,* v. THE CITY OF SPOKANE,

*Appellant.*

NONSUIT—ACTION FOR NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

A nonsuit in an action against a municipal corporation, to recover damages for personal injuries sustained by a fall into an excavation in a city street, will not be granted on the ground that the street was sufficiently lighted to enable a person in the exercise of ordinary care to discover the danger and avoid it, where the testimony is conflicting as to the amount of light afforded by the street lights at that point, and there is evidence that the night was dark and foggy.

APPEAL—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Admission of testimony showing the condition of a crosswalk at the place of an accident to a pedestrian, at the time of the accident and on the day prior, is not prejudicial error.

QUESTION FOR JURY—NEGLIGENCE—INJURIES ON HIGHWAYS.

Whether sufficient barriers were erected by a municipal corporation across a crosswalk at each side of an excavation in a principal street, and whether lights were placed thereon, is a question for the jury in an action against the city to recover damages for personal injuries sustained by falling into the excavation, where the testimony on that point is conflicting, and it is undisputed that, if any barriers or lights were erected or placed at that point, they were removed prior to the accident.

INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.

An instruction on contributory negligence, that want of care, prudence or caution upon plaintiff's part which "contributed in any material degree to his injury is fatal to his right of recovery," is not erroneous because of the addition of the word "material."

SAME—EXCAVATIONS IN STREETS—DUTY OF CITY TO GUARD.

An instruction that it is the duty of a municipal corporation to guard an excavation in its street by such "appropriate guards, barriers and beacon or danger lights" as will protect travelers on the street, using due care, from being injured thereby, is not erroneous as requiring the corporation to erect both barriers and lights.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Affirmed.

*A. G. Avery* and *F. M. Dudley,* for appellant.

*James E. Fenton* and *F. C. Robertson,* for respondent.

The opinion of the court was delivered by

GORDON, C. J.—Respondent's action was to recover damages for personal injuries sustained by falling into an excavation in Howard street, one of the principal streets of the city. From a judgment in his favor, the city has appealed.

It appears that the city was engaged in excavating in the center of the street for the purpose of laying a water main. At a point in said street about midway between Main and Riverside avenues the city had for many years maintained a cross-walk extending clear across the street. This cross-walk was very generally traveled by pedestrians. The excavation in the street at the point of intersection with the walk was from six to eight feet in depth and about five feet in width. The injury occurred about twelve midnight. The excavating was being done by the city itself, and not by an independent contractor. On the afternoon of the day of the injury, the ground under the walk having been previously excavated, the walk itself was cut so that it left the west end of the walk hanging over the ditch or excavation from two to two and a half feet. The injuries sustained by the respondent consisted in fractured ribs and severe bruises upon the head. The amount of the recovery was $1,500.

At the close of plaintiff's case, the appellant moved for a nonsuit, which was overruled, and this constitutes a ground of exception. It is urged that the evidence shows that the plaintiff was guilty of contributory negligence, it being claimed that the street was sufficiently lighted by

electric arc lights to have enabled a person in the exercise of ordinary care to have discovered the danger and avoided it. We think the motion was properly overruled. The testimony was conflicting as to the amount of light afforded by the street lights at the point where the injury occurred. There was testimony tending to show that the night was dark and that it was foggy.

It is also urged that the court should have peremptorily instructed the jury in defendant's favor at the close of the case, and in support of this position it is claimed that the evidence established that, at the close of work on the evening of the day of the injury, the workmen had erected sufficient barriers across the cross-walk at each side of the ditch and placed lights thereon, and that appellant had in this respect fully discharged its duty to the defendant and all other travelers. But upon that question the testimony was also conflicting, and it was properly left for the determination of the jury. It seems to be undisputed that there were no barriers or lights at that point when the plaintiff attempted to cross the street and was injured, so that, if it be true that the workmen did in fact erect barriers as claimed, they had been removed prior to the time when plaintiff received his injury. It seems well-nigh incredible that obstructions or barriers of the character which appellant claimed were put up by its workmen on the evening prior to this injury could have been removed without some one having observed it. The street at the place in question was much traveled, the evidence going to show that it was one of the most extensively traveled streets in the city, and particularly so between Main and Riverside avenues; and yet no one was seen to have removed the barriers or obstructions which the city claims to have erected at that point. However, the court fairly submitted that question to the jury in the following instruction:

" If at the close of the day, of the night in which plaintiff fell into said trench, the defendant city placed about the same sufficient barriers, guards and beacon or danger lights to protect any reasonably careful person from danger therefrom, and thereafter and before the plaintiff fell into said trench some one without the knowledge or consent of the defendant city had removed any, or so much of said barriers, guards and beacon or danger lights that travelers on said street, using reasonable care, were not protected from danger on account of said trench, *then the defendant would not be negligent and would not be liable for damages on account of plaintiff's injuries resulting from his fall.*"

It becomes obvious, therefore, that the jury must have found that the city's claim in this respect was unfounded, and their finding must be regarded as conclusive. Assignments one, two, three and four relate to evidence received over appellant's objection, and we are disposed to consider them quite unimportant. The testimony objected to was for the purpose of showing the condition of this walk at the point in question, at the time of the injury and on the day previous thereto. There was nothing prejudicial in this. The respondent had crossed this walk in safety the preceding day. At that time the walk had not been cut away, but he saw that the workmen were excavating on each side of, and under, the walk. As applicable to this condition the appellant requested the following instruction, and excepted to the refusal to give it:

" If you believe from the evidence that the plaintiff knew, at the time he attempted to cross said Howard street, that the crossing was unsafe and that it was, from darkness or any other cause, imprudent to attempt to cross, or had reason to believe, and, with this knowledge, he persisted in so attempting to cross said street although he might have avoided it by crossing at another point, then he was guilty of contributory negligence, and your verdict must be for the defendant."

The court did, however, charge as follows:

" Every person passing over the cross-walks and streets of the city is required to exercise such care and diligence in doing so as persons of ordinary foresight, care, prudence and diligence would use under similar circumstances. In determining whether this plaintiff used such care at the time he received the injuries complained of (if you find that he was injured), it would be proper to consider his knowledge of the crossing, of the condition of the trench at the time, the light or darkness at the time and place the injury was received and his manner of traveling, and any other fact appearing from the evidence which would tend to show such care or want of it. If you should find from the evidence that the plaintiff did not use such care in attempting to cross said trench, and thereby contributed in any material degree to his injury, then you must find for defendant."

And also the following:

" If you find from the evidence that the plaintiff by his own negligence, from the want of proper care or from drunkenness contributed in any material degree to the accident which caused the injuries complained of, then you must find for the defendant, notwithstanding you may also find from the evidence that the defendant was also negligent in failing to protect said trench with proper barriers and danger lights."

The instructions given were sufficient, and the refusal to charge as requested constituted no error. *Smith v. Spokane,* 16 Wash. 403 (47 Pac. 888); *Owen v. Chicago,* 10 Ill. App. 465.

Error is also predicated upon the charge of the court upon the subject of contributory negligence; the court telling the jury that if want of care, prudence or caution upon the plaintiff's part in attempting to cross the trench "contributed *in any material degree* to his injury," then they should find for the defendant. It is contended that the court should have charged, as requested by appellant, that *any* negligence upon plaintiff's part which contributed to the injury would be fatal to his right of recovery. We

think it clear that the only impression this instruction could convey would be that the jury were to distinguish between acts material and substantial and those immaterial and inconsequential,—between substantial and essential consequences and unimportant and insignificant ones. The instruction was correct. *Redford v. Spokane St. Ry. Co.,* 15 Wash. 419 (46 Pac. 650); 2 Thompson, Negligence, p. 1105.

In the course of his charge the learned judge told the jury that it was the duty of the defendant to so guard the excavation or trench, "by appropriate guards, barriers *and* beacon or danger lights, as to protect travelers on the street, themselves using due care, from being injured thereby." The appellant complains that by this instruction the city was required to show that it had erected both barriers and lights. We think the jury could not have so understood it, and this is fortified by a consideration of the entire charge. The case appears to have been fairly tried and properly submitted to the jury. There is evidence to support the verdict, and, no prejudicial error appearing to have been committed, the judgment must be affirmed.

FULLERTON, DUNBAR, REAVIS and ANDERS, JJ., concur.