[No. 3457. Decided April 18, 1900.]

GEORGE EINSEIDLER et ux., Respondents, v. COUNTY OF WHITMAN, Appellant.

INSTRUCTIONS—RELEVANCY TO EVIDENCE—REFUSAL OF REQUESTED INSTRUCTIONS.

The refusal of the court to give requested instructions is not error, when there is no evidence upon which they can be predicated; nor, even if they fairly state the law applicable to the facts, when those given by the court substantially cover the ground.

COUNTIES—DEFECTIVE BRIDGES—ACTION FOR INJURIES—INSTRUCTIONS.

In an action to recover damages for personal injuries received by reason of plaintiff's team backing off a bridge from which guard rails had been removed, an instruction which leaves it to the jury to determine whether the county had performed its duty to the public, in failing to erect or maintain barriers of suitable character to prevent accidents, or in causing the removal of guard rails or barriers which were sufficient to protect the public from accidents on the bridge, and leaving it in that condition

open to public travel; and if they should find that through such neglect plaintiff was injured, then their verdict should be against the defendant, is not erroneous, where the evidence shows that the absence of rails was a cause contributory to the accident, and such instruction correctly leaves it to the jury to determine to what degree the absence of rails was a proximate cause contributing to the injury.

SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

The fact that one passes over a bridge with knowledge of its defective condition is not negligence *per se*, when there is no convenient method of going round it; but under such circumstances, the question of contributory negligence is a matter of proof and one of fact for the consideration of the jury.

SAME—EVIDENCE.

In an action against a county for injuries received by reason of a defective bridge, where there is substantial evidence establishing negligence on the part of the county, the question whether plaintiff was guilty of contributory negligence was properly committed to the jury, when it appeared in evidence that the bridge was kept standing for the use of the general public and was used continually by it; that there was no convenient way around; that a notice had been posted on the bridge in the words, "Cross at your risk," but the evidence was conflicting as to whether it was actually there at the time of the accident, or could have been readily seen, if it were; that others had never seen such a notice, and it would have been difficult to observe because of the many placards and notices of various kinds on the bridge; that plaintiff had crossed the bridge a couple of hours before and knew its condition; that she was driving an ordinarily gentle team; that the team became frightened at a hole in the bridge filled with blocks and rubbish, and backed off the bridge, where guard rails had been removed, falling with her a distance of nineteen feet, whereby she sustained the injuries complained of.

Appeal from Superior Court, Whitman County.—Hon. WILLIAM McDONALD, Judge.    Affirmed.

*William A. Inman,* Prosecuting Attorney, and *J. T. Brown,* for appellant.

*Chadwick & Bryant,* for respondent.

The opinion of the court was delivered by

.REAVIS, J.—Action against Whitman county for personal injuries sustained by Mary E. Einseidler, one of the plaintiffs, in crossing a county bridge. The bridge was an old and established one, and used by the people generally in the vicinity where it was situated. The county commissioners had let a contract for the construction of a new bridge not far from the site of the old one. The accident occurred on the 21st of July, 1898. In the construction of the new bridge the iron material was taken from the old one and used in the new, and in removing the iron the guard rails were taken off the old bridge. The bridge was about sixty feet long, fifteen or sixteen feet above the water level, and thirteen feet wide. For some time previous to the 21st of July there had been a hole in the old bridge near the west end. This had been filled with stones and dirt so as to bring it up nearly to the level of the bridge floor, but about the time the accident occurred, and a little previously, the filling had been renewed in this hole with blocks and rubbish from the new bridge. By an agreement between the contractor, who was building the new bridge, and the commissioners, the contractor, in consideration of being relieved from dismantling and removing the bridge, by direction of the commissioners, put props and braces under it sufficient to sustain ordinary travel and heavy loads. On the day of the accident Mrs. Einseidler passed over the bridge, and, returning within an hour or two afterwards, her team, consisting of two horses attached to a carriage, became frightened at the hole in the bridge and the rubbish thrown therein, and ·backed off about fourteen feet back of the west approach, when the carriage and team fell with her a distance of about nineteen feet, causing the injuries complained of. The team was an ordinarily gentle one. There was judg-

ment for the plaintiffs, and many errors are assigned here.

The proposed instructions on the part of the defendant tendered and refused by the court have all been examined, and, while several of them contain a fair expression of the law applicable to the facts before the court, the instructions given substantially cover them. There was no evidence upon which to predicate the proposed instruction that the negligence was that of an independent contractor in the prosecution of his work. It was the duty of the county to maintain the bridge in repair or to condemn it, and in some manner to close it to public travel. There was testimony tending to show that the county commissioners, through the one who had charge of the roads in the district in which this bridge was situated, were advised of its defective nature; and it would seem that the direction of the commissioners to the contractor to prop the bridge so that it could still be used for travel indicated that defendant was sufficiently informed of its condition. The court instructed the jury that, if it found that ordinary care and prudence would dictate that rails or barriers should be maintained upon the bridge pursuant to a proper regard for the safety of public travel, and that the county failed to erect or maintain such barriers of suitable character to prevent accidents, or if the jury was satisfied by a fair preponderance of the evidence that the rails or barriers which were sufficient to protect the public from accidents on the bridge were removed by direction of the county commissioners, and the bridge thus left open to public travel, and through such neglect Mrs. Einseidler was injured, then the verdict should be against the defendant. The court further, in the same instruction, said:

" The question of negligence was left to the sound judgment and discretion of the jury under the instructions of the court to determine whether the county had performed its duty to the public."

This instruction is complained of as charging that it was the duty of the county to maintain guard rails, and it was negligence if they were not maintained. The evidence clearly tended to show that the absence of rails or barriers was a cause contributory to the accident. The hole filled with rubbish frightened the horses, and the absence of a barrier made the backing off easy. It was correctly left to the jury to determine to what degree the absence of barriers was an element contributing to the accident. The duty of the county was stated in *Kirtley v. Spokane County,* 20 Wash. 111 (54 Pac. 936).

Defendant maintained that Mrs. Einseidler was guilty of contributory negligence because, having passed over the bridge an hour or two before the accident happened, she should have taken notice of any defects. It is not negligence *per se* to pass over a defective highway or bridge where there is no convenient method of going around it. *Sutton v. Snohomish,* 11 Wash. 24 (39 Pac. 273, 48 Am. St. Rep. 847); *Reed v. Spokane,* 21 Wash. 218 (57 Pac. 803).

The contributory negligence, then, was a matter of proof and for the consideration of the jury. It was said in *Walker v. Decatur County,* 67 Iowa, 307 (25 N. W. 256):

" The bridge in question was not barricaded; but from its location and situation the public were invited to pass over it. It is true that it was unsafe, and the time would come, and perhaps it had already come, when it would be imprudent for any person, in the exercise of reasonable discretion and prudence, to make the attempt to pass over it; but this was a question for the jury. The mere fact that it was unsafe would not of itself prevent a recovery."

It was also shown that one of the employees of the contractor, but not by authority of the county, had put up a notice on the bridge with the words in substance, "Cross at your risk." But the evidence as to whether this notice

was readily seen or was actually there when the accident happened was very conflicting, one witness testifying that he crossed the bridge a dozen times a day, and did not observe it. Mrs. Einseidler testified she did not observe any such notice, and other testimony was that there were many placards and notices of various kinds on the bridge. But it does appear as a cogent fact that the general public used this bridge continually, and that it was kept standing for use, and from the case made by plaintiff it must be assumed that, with the knowledge of the county commissioners, it was so used. There was substantial evidence for the consideration of the jury to establish negligence on the part of the county. The facts shown at the trial do not enable the court to say that Mrs. Einseidler was guilty of contributory negligence as a matter of law; this question was properly committed to the jury, and the verdict must be conclusive.

Judgment affirmed.

GORDON, C. J., and FULLERTON, J., concur.