[No. 7066. Decided July 14, 1908.]

ELLA ARCHIBALD, *as Administratrix of the Estate of John R. Archibald, Deceased, Appellant*, v. LINCOLN COUNTY, *Respondent*.[1]

DEATH—ACTION FOR—PARTIES ENTITLED TO SUE—PLEADING. An action for wrongful death may be prosecuted in the name of the administratrix of the deceased's estate, although it is not alleged that it is for the benefit of the widow and children, where they are named in the complaint; as the action will inure to their benefit by operation of law.

COSTS—REMEDIES FOR COLLECTION—ACTIONS—ABATEMENT—FORMER ACTION FOR COSTS — STAY OF PROCEEDINGS — ABUSE OF DISCRETION. Where a widow brought suit against a county in her own name for the wrongful death of her husband, and upon submitting to a voluntary nonsuit, judgment for $264 costs was entered against her, it is an abuse of discretion, upon the commencement of a suit by her as administratrix for the benefit of the widow and children, to stay

[1]Reported in 96 Pac. 831.

proceedings as to the widow's claim until the costs of the former action were paid, where it appears that she is without means, has three small children to support, that she and the children had been ill, dependent upon charity, and inmates of the county poor farm, and no additional costs would accrue to the county by reason of the inclusion of the widow's claim.

HIGHWAYS — DEFECTS — EVIDENCE OF NEGLIGENCE — SUFFICIENCY. There is sufficient evidence to show that a highway was not in a reasonably safe condition for public travel where it appears that there was a narrow grade or fill, eight or ten rods long, seven or eight feet wide at the top, and four or five feet high, that there was a bridge near the center of the fill, from one end of which the earth had settled away leaving an abrupt rise of six inches, and that on driving six inches or a foot from the wagon track one would be precipitated over the bluff.

SAME — DEFECTS — NOTICE TO COUNTY. Where a highway was dangerous by reason of a narrow fill, and it had been in such condition for some years, the county has both actual and constructive notice of the defect.

SAME — CONTRIBUTORY NEGLIGENCE OF TRAVELER — QUESTION FOR JURY. It is for the jury to determine whether the deceased was guilty of contributory negligence in attempting to drive home with a load of lumber on a dark night, over a narrow fill or grade only a foot or two wider than the wagon tracks, having a defective approach to a bridge, of all of which he had knowledge, where it appears that the highway had been in constant use by the public up to the day of the accident, and that deceased had no choice of routes (MOUNT, J., dissenting).

DEATH — DAMAGES — EVIDENCE — SUFFICIENCY. In an action for wrongful death, prosecuted for the benefit of deceased's widow and children, evidence of the age of deceased, his life expectancy, and his earning capacity, is sufficient to enable the jury to assess the damages.

Appeal from a judgment of the superior court for Lincoln county, Warren, J., entered May 24, 1907, granting a nonsuit at the close of plaintiff's case, after a trial before the court and a jury, dismissing an action to recover for wrongful death caused by a defective highway. Reversed.

*A. J. Grant, J. T. Mulligan,* and *Martin & Wilson,* for appellant.

*C. A. Pettijohn,* for respondent.

Rudkin, J.—On the 27th day of January, 1905, John R. Archibald met his death from the overturning of his wagon, while driving along a narrow grade on one of the public highways of Lincoln county. He left surviving him a widow and three minor children. On the 10th day of April, 1906, the widow commenced an action against the county in her own name and in her own right to recover damages for the death of the husband, caused by the wrongful act of the county in failing to keep the public highway in a reasonably safe condition for public travel. Issue was joined on the complaint, and on the 21st day of December, 1906, the plaintiff submitted to a voluntary nonsuit. The judgment of nonsuit awarded costs against her in the sum of $264.05. Soon after the dismissal of this action, a second action was commenced against the county for the same tort, in the name of the widow in her own right and as administratrix of the estate of her deceased husband, and in the names of the minor children by the widow as their general guardian. On the 26th day of February, 1907, the court, on motion of the defendant, entered an order staying further proceedings in the second action as to the individual claim of widow until the costs awarded against her in the former action were paid. A demurrer was thereafter interposed to the complaint of the plaintiffs other than the widow, and the demurrer was sustained. An amended complaint was then filed in behalf of the widow as administratrix of the estate of her deceased husband, omitting the names of the children and the name of the widow as guardian and in her own right. On the 9th day of April, 1907, a second order staying proceedings as to the individual claim of the widow was entered. Issue was thereupon joined on the last amended complaint, and a trial was had before a jury. At the close of the plaintiff's case a nonsuit was granted, and from the judgment of nonsuit, this appeal is prosecuted.

Before passing to the question of negligence on the part of the county and contributory negligence on the part of the

deceased, we will dispose of certain preliminary questions raised by the parties. The respondent contends that the amended complaint on which the case was finally tried failed to state a cause of action, because the action was prosecuted in the name of the personal representative for the benefit of the estate. While it is customary to prosecute such actions as this in the names of the widow and children, they may likewise be prosecuted in the name of the personal representative for the benefit of the widow and children. *Copeland v. Seattle*, 33 Wash. 415, 74 Pac. 582, 65 L. R. A. 333. The complaint in this case does not allege that the action is prosecuted for the benefit of the widow and children, but they are named in the complaint and any recovery will inure to their benefit by operation of law. The complaint is therefore sufficient.

The appellant contends that the court erred in staying proceedings as to the widow's claim until the costs of the former action instituted by her were paid. Courts doubtless possess inherent power to make such orders as the one complained of, in the exercise of a sound judicial discretion, and this much the appellant concedes. But in this particular case, it appears from the showing made that the widow is absolutely without means; that she has three small children to support by her personal earnings; that she and the children have been ill, and are in a large measure dependent upon the charity of friends, and that for a time at least they have been inmates of the Lincoln county poor farm. Under such circumstances, if the widow has a meritorious claim against the county, we think the court abused the discretion vested in it by law, especially in view of the fact that the action must proceed in any event for the benefit of the children, and no additional costs will accrue against the county by reason of the inclusion of the widow's claim. The stay order should therefore be vacated.

This brings us to the question of negligence on the part of the county in failing to keep the highway in repair. The

testimony shows that there was a narrow grade or fill, eight
or ten rods in length, on the county road leading from the
Archibald home to the town of Downs.   This grade or fill
was four or five feet higher than the surrounding country,
and seven or eight feet in width at the top.   There was a
bridge about the center of the fill, constructed of planks
eighteen feet in length, so that the end of the planking ex-
tended several feet beyond the grade at either side.   The
earth had settled away from the bridge on the side toward
the town of Downs, so that there was an abrupt raise of about
six inches as one struck the bridge.   It was conceded by all
the witnesses that the grade extended little more than a foot
beyond the wagon track on either side, and one witness tes-
tified that if you got six inches out of the track you would be
precipitated over the bluff.   There was no eyewitness to the
accident.   It appears that the deceased was returning from
the town of Downs with a load of lumber, and as the wagon
struck the bridge the load went over the embankment.   The
deceased was caught beneath the load and killed.   It does not
appear from the record at what hour the deceased met his
death, but the night was dark, and it would seem from the
tracks discovered the next morning that he left his wagon
above the grade and walked down to the bridge before at-
tempting to cross.   There can be no question but that this
testimony tends very strongly to show that the highway was
not in a reasonably safe condition for public travel.   Indeed
the burden of the respondent's argument is that the deceased
was guilty of contributory negligence in attempting to pass
over the grade in its then condition, and this would seem to
be a concession on its part that the highway was defective
and out of repair.   It is said, however, that there was no
proof that the county had notice of the defective condition of
the highway.   The defect was largely one of original con-
struction, and furthermore, the proof shows that it remained
in substantially the same condition for some years before the

accident. Here was proof of both actual and constructive notice.

Was the deceased guilty of contributory negligence as a matter of law?

"Knowledge by a person of a defective or dangerous condition of a public highway, and the use of it notwithstanding such knowledge, are not of themselves negligence. If the necessities of a person's business require him to use a defective or dangerous highway, he may use it, notwithstanding he knows its defects and dangers. Such knowledge only requires an increased caution and diligence to avoid injury. In other words, although a person is required to exercise only ordinary care and prudence, yet such care and prudence must be commensurate with the necessities of the case, and maintain a constant level with the dangers of the situation.

"A person, although entitled to the use of a public highway, and entitled to do so although he knows its defective character, cannot dó so in the face of certain danger.

"If the judgment of an ordinarily prudent and reasonable person would teach him that danger was certain and unavoidable, he cannot insist on rushing into it, merely because the law gives him the right to use the public highway, and requires the township officers to keep it in repair."

These instructions were approved by the court in *Falls Township v. Stewart*, 3 Kan. App. 403, 42 Pac. 926, and embody, in our opinion, a correct statement of the law. *Sutton v. Snohomish*, 11 Wash. 24, 39 Pac. 273, 48 Am. St. 847; *Reed v. Spokane*, 21 Wash. 218, 57 Pac. 803; *Einseidler v. Whitman County*, 22 Wash. 388, 60 Pac. 1122.

Applying these rules to the facts in the case at bar, it appears that the highway had been in constant use by the general public up to the very day of the accident. The deceased was returning to his home with a load of lumber. He had no choice of routes. He was compelled to pass over the highway, leave his load behind, or remain away over night. Under such circumstances, we think the negligence of the deceased, or what a reasonably careful and prudent person

would have done under the circumstances, was peculiarly a question for the jury.

It is lastly contended that there was no proof of damages. The testimony showed the age of the deceased, his life expectancy, and his earning capacity. This was ample to enable the jury to assess the damages. On consideration of the entire record, we are satisfied that the court erred in staying proceedings as to the claim of the widow and in directing a nonsuit, and for these errors the judgment is reversed and a new trial ordered.

HADLEY, C. J., and FULLERTON, J., concur.

ROOT, J.—I concur in the result, but do not approve the instruction quoted from *Falls Township v. Stewart.*

MOUNT, J. (dissenting)—The deceased knew the danger and voluntarily took the chances of safely passing. I think the court properly granted the nonsuit, and that the judgment should be affirmed, and I therefore dissent.

DUNBAR and CROW, JJ., took no part.