[No. 7505. Decided December 19, 1908.]

HERMAN TAGGE, *Appellant*, v. THE CITY OF ROSLYN, *Respondent*.[1]

MUNICIPAL CORPORATIONS — STREETS — EXCAVATIONS—BARRIERS—SUFFICIENCY. Where a trench in an alley extending across a sidewalk was to be guarded simply over night, barriers are sufficient, as a matter of law, where a one-by-six board was nailed three or four feet above the walk to the corner of a building, two or three feet distant from the trench, and to a post at the outer edge of the sidewalk, with a ten-penny nail at each end of the board, and beneath the board a two by twelve plank, four feet long, was laid against the house and a similar one against the post and a third plank laid horizontally across the two, the place being well lighted by arc lights in the street on either side 150 feet distant from the alley, besides other lights from the building reflecting on the sidewalk.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered January 29, 1908, in favor of the defendant by direction of the court, at the close of a jury trial, in an action for personal injuries. Affirmed.

[1]Reported in 98 Pac. 668.

*Pruyn & Felkner*, for appellant.

*W. J. Welsh* and *Eugene E. Wager*, for respondent.

Rudkin, J.——This was an action to recover damages for personal injuries. At the close of all the testimony the court directed a judgment in favor of the defendant, from which the plaintiff has appealed.

The material facts are as follows: First street, in the city of Roslyn, runs in an easterly and westerly direction, and an alley twenty feet in width runs in a northerly and southerly direction through the center of one of the blocks on the southerly side of the street. The Halstead house is situated on one side of this alley, and the Roslyn hotel on the opposite side. The sidewalk in front of the Halstead house on First street forms the floor of the porch of the hotel, and the covering of the porch is supported by posts at the outer edge of the sidewalk, which is about eight feet in width. On the 31st day of May, 1907, the city excavated a trench through this alley for sewer purposes. The trench was about two feet wide and three or four feet deep, and was excavated two or three feet from the Halstead house. The trench extended across the sidewalk and two or three feet into the adjacent street.

When the city employees quit work on the evening of the above date, they placed barriers around this trench on the side next to the Halstead house in the manner following: A one-by-six board was nailed to the corner of the house on the inner side of the sidewalk, and to the post supporting the porch at the outer side, about three or four feet above the walk, with a ten-penny nail in each end of the board. Beneath this board a piece of two-by-twelve plank, about four feet in length, was laid up against the house on one side, a similar plank was laid against the post at the other side, and a third plank was laid horizontally across these two.

There was an arc light at the intersection of First street with the two cross streets at either side of this alley, each light being about 150 feet distant from the excavation in the alley

and the barricades surrounding it. In addition to these lights, electric lights burned at all hours of the night in the offices of the two hotels on the alley, reflecting on the sidewalk in front of the buildings. The barricades surrounding this excavation were seen in place by different witnesses between the hours of nine and ten o'clock that night, and could be readily seen at a considerable distance from the excavation. Up to this point, there was no sufficient conflict in the testimony to leave any question of fact for the jury to pass upon. About 11:30 o'clock on the night in question, as he was returning to his home, the appellant passed along the sidewalk in front of the Halstead house and fell into the excavation, receiving certain injuries, for which a recovery is sought in this action.

There was testimony tending to show that the appellant was badly intoxicated at the time, but this was denied by the appellant, and that question, as well as the question of contributory negligence in general, was for the jury. The appellant testified that he did not see the excavation, nor were there any barriers surrounding it to his knowledge. Another witness testified that he passed along the sidewalk between ten and eleven o'clock that night, and that there were no barriers there to his knowledge. On the morning of the following day, one end of the board nailed across the walk was still nailed to the building, but the other end was down in the excavation, and the planking placed beneath the board was lying on the sidewalk. There is no claim that the city had knowledge before the accident that the barriers had been removed, nor is there any claim that the barriers had been displaced or removed for a sufficient length of time prior to the accident to require the submission of the question of implied or constructive notice to the jury.

The sole question in the case is, therefore, were the barriers placed around the excavation sufficient as a matter of law, or should the question of their sufficiency have been submitted to the jury as a matter of fact. Considering the nature of the excavation and the temporary character of the bar-

riers placed around it, they having been placed there simply to guard the excavation over night, we feel constrained to hold that the court did not err in holding that the barriers were legally sufficient, and in directing a judgment in favor of the city. In *Welsh v. Lansing*, 111 Mich. 589, 70 N. W. 129, the court said:

"No claim is made that a barrier consisting of a plank laid upon barrels, completely fencing in a shallow excavation made for temporary purposes, is not a reasonable one, and, if there were, we should be inclined to say that it was sufficient, as matter of law, in a case like this, and that it should not be left to the jury to say that it was not, under ordinary circumstances."

In this case we think that the same reasoning and the same rule should apply.

The judgment is therefore affirmed.

FULLERTON, CROW, DUNBAR, and MOUNT, JJ., concur.