[No. 15328.　Department One.　May 31, 1919.]

ALICE A. BRENGMAN, *Appellant*, v. KING COUNTY, *Respondent.*[1]

HIGHWAYS (62, 67)—OBSTRUCTIONS—LIGHTS AND BARRIERS—QUESTION FOR JURY. Where an obstruction of a highway existed where a great many automobiles passed at considerable speed, the county was under obligation to so place and protect lights that they would not be liable to be destroyed by passing automobiles; and whether it did so was a question for the jury where lights placed by the county had been twice destroyed a short time preceding plaintiff's injury; and it was error to decide the question as a matter of law.

APPEAL (111)—PRESERVATION OF GROUNDS—OBJECTIONS NOT PRESENTED BELOW. In an action against a county, objections to the sufficiency of the notice of claim not presented below cannot be considered on appeal.

Appeal from a judgment of the superior court for King county, French, J., entered January 20, 1919, upon the verdict of a jury rendered in favor of the defendant by direction of the court, in an action for personal injuries sustained through an obstruction of a highway. Reversed.

*Ballinger, Battle, Hulbert & Shorts,* for appellant, cited: *Sutton v. Snohomish,* 11 Wash. 24, 39 Pac. 273, 48 Am. St. 847; *Foy v. Winston,* 126 N. C. 381, 35 S. E. 609; *Sutphen v. Hedden,* 67 N. J. L. 324, 51 Atl. 721;

[1]Reported in 181 Pac. 861.

*Pray v. Werksman,* 80 N. J. L. 561, 79 Atl. 274; *Fox v. Chelsea,* 171 Mass. 297, 50 N. E. 622; *Norwood v. Somerville,* 159 Mass. 105, 33 N. E. 1108; *Shreve v. Ft. Wayne,* 176 Ind. 347, 96 N. E. 7; *Snowden v. Somerset,* 171 N. Y. 99, 63 N. E. 952; *Consolidated Traction Co. v. Scott,* 58 N. J. L. 682, 34 Atl. 1094, 55 Am. St. 620; *Ahlfeldt v. City of Mexico,* 129 Mo. App. 193, 108 S. W. 122; *Godfrey v. New York,* 104 App. Div. 357, 93 N. Y. Supp. 899; *Sauthof v. Granger,* 19 R. I. 606, 35 Atl. 300; *Stockton Automobile Co. v. Confer,* 154 Cal. 402, 97 Pac. 881; *Mayor etc. of Baltimore v. State of Maryland, Use of Hutchinson,* 166 Fed. 641.

*Fred C. Brown* and *Wm. Parmerlee,* for respondent, cited: *Tagge v. Roslyn,* 51 Wash. 258, 98 Pac. 668; *Welsh v. Lansing,* 111 Mich. 589, 70 N. W. 129; *Carlson v. New York,* 150 App. Div. 264, 134 N. Y. Supp. 661; *Theissen v. Belle Plaine,* 81 Iowa 118, 46 N. W. 854; *McFeeters v. New York,* 102 App. Div. 32, 92 N. Y. Supp. 79; *O'Neil v. Bates,* 20 R. I. 793, 40 Atl. 236.

MACKINTOSH, J.—On August 12, 1917, a portion of the Pacific Highway located in King county, lying between the cities of Seattle and Tacoma, was being repaired by contractors in the employ of the county. At the conclusion of work on that day, a barricade was erected around a section of the road which had been torn up and lights were placed at the north and south ends of the barricade. At about 9 o'clock in the evening, a passing automobile struck the north end of the barricade and destroyed the light which was placed there. A witness, who observed the occurrence, took the lantern from the south end of the barricade and placed it in the same position which had been occupied by the lantern just destroyed, and within an hour or two thereafter the second lantern was destroyed in

the same manner as had been the first. Thereafter, the plaintiff approaching from the north, ran into the barricade, there being no warning of its presence, and received injuries for which he brought this action.

It was admitted that the lights themselves were sufficient as lights had they been properly placed and protected by a sufficient barricade. At the conclusion of the case, the trial court directed the jury to return a verdict for the county.

The obstruction of the highway existing at a point where a great many automobiles pass during both daylight and dark, and at a point where they are permitted to travel at considerable speed, the county was under an obligation to show such lights, protected by a barricade around the place being repaired, as that one approaching could see that a dangerous condition existed. In placing lights upon this barricade it was necessary that they be so placed that automobile drivers would not be liable to destroy them in passing, and the question as to whether the barricade had been so constructed and the lights so placed is a question of fact for the jury, in view of the testimony which disclosed that the lights so placed had been twice destroyed within a short period preceding the plaintiff's injury. The trial court was in error in determining, as a matter of law, that the county had done its full duty, and should have submitted to the jury the question as to whether the placing of the lights, under all the circumstances and conditions testified to, was the giving of a sufficient and proper warning to protect the public upon the highway from possible injury. *Sutton v. Snohomish*, 11 Wash. 24, 39 Pac. 273, 48 Am. St. 847, decides that a question is presented for the jury's determination when it has been shown that barricades constructed "were liable to be thrown down at any

moment by the mere carelessness or thoughtlessness of persons passing along.''

*Reed v. Spokane,* 21 Wash. 218, 57 Pac. 803, approves as correct an instruction submitting to the jury, in a case similar to this, a question as to whether the municipality had originally constructed ''sufficient barriers, guards, and beacons or danger lights'' to protect any reasonably careful person from danger.

The later case of *Tagge v. Roslyn,* 51 Wash. 258, 98 Pac. 668, relied upon by the respondent, is one in which the lower court was justified in determining, as a matter of law, that the barriers placed around an excavation were sufficient, the court saying: ''considering the nature of the excavation and the temporary character of the barriers placed around it, they having been placed there simply to guard the excavation over night, we feel constrained to hold that the court did not err in holding that the barriers were legally sufficient,'' the barriers having been securely fastened and there being enough light to enable one to see them.

The barricade in the *Sutton* case was for the protection of pedestrians only, and was not subject to the destruction which comes to barricades placed upon the traveled highway over which rapidly moving automobiles are constantly coming and going.

The whole situation here does not point so conclusively to the conclusion that there can be no chance for dispute or argument, and therefore the question should not have been decided by the court as a matter of law, but should have been submitted to the jury as one of fact.

The respondent objects to the suit by reason of some alleged deficiences in the claim presented to the county commissioners. We cannot consider this point for the reason that it was not raised in the lower court and is presented here for the first time.

For the reasons stated, the judgment will be reversed and the cause remanded for a new trial.

CHADWICK, C. J., MAIN, TOLMAN, and MITCHELL, JJ., concur.