[No. 25513. Department Two. April 25, 1935.]

D. H. SHARPLESS, *Respondent*, v. E. E. BLACKMORE et al., *Appellants*.[1]

*Henderson & McBee,* for appellants.
*Welts & Welts,* for respondent.

MILLARD, C. J.—Under their contract with Skagit county, defendant copartners were repairing a portion of the highway between Mount Vernon and Anacortes. While lawfully traveling easterly on that highway

[1]Reported in 44 P. (2d) 170.

about nine p. m., August 27, 1933, plaintiff ran his automobile into a ditch on the north side of the highway to avoid a collision with an unlighted barricade erected on the south side of the highway by the defendant contractors.

Plaintiff instituted this action against the copartners to recover for personal injuries and property damage alleged to have been sustained as a result of that accident. Trial of the cause to the court resulted in findings of fact and judgment in favor of plaintiff. Defendants appealed.

Counsel for appellants contend that the contractors were acting as the agents of the municipal corporation, therefore their duty was the same as that of a municipal corporation performing the work. It is insisted that all that was required of appellants was to give a sufficient notice or warning of the dangerous condition of the highway, which they did.

We are not unfamiliar with the rule that a municipal corporation may escape liability for failure to maintain a street in a reasonably safe condition for travel by setting up suitable barricades and lights to warn travelers of the unsafe condition of the street, and the qualification of that rule that the guards and warning devices must be sufficient to apprise a traveler using reasonable care that the street is not in a safe condition for ordinary travel. It should be borne in mind that when obstructions are placed in the street it is a question of fact whether a contractor or the municipality used such means as were reasonably necessary to warn those using the street of the presence of the obstruction.

The question is whether the means used to warn those using the highway of the presence of the obstruction were reasonably sufficient for that purpose. That question, one of fact, was decided adversely—and

properly so—against appellants, it appearing that the lanterns on the barricade were unlighted and the barricades were inadequate. The trial court's findings, which are amply supported by the evidence and clearly show that appellants did not exercise ordinary care in sufficiently lighting the barricades and adequately protecting the lights, are summarized as follows:

Appellants, in performing their contract with Skagit county to pave fills on the highway from Mount Vernon to Anacortes, closed entirely the south half of the paved highway. The width of the whole paved roadway is twenty feet. In closing the south half of the highway, appellants placed wooden barriers at the points where they were paving on top of the dirt fills in the roadway. There were six or seven of these various fills that appellants were paving, the strips so paved being several hundred feet in length, and all of the fills being within a space of not more than six or seven miles. Between these various fills, the highway was paved twenty feet in width and open to travel. The contract between the county and appellants provided:

"On all improvements the contractor shall provide, erect and maintain, at its own expense, all necessary barricades of sufficient strength for the purposes intended, suitable and sufficient lights, danger signals and signs, and shall take all necessary precautions for the protection of the work and safety of the public. . . . On all barricades and obstructions there shall be kept burning, from sunset to sunrise, two red lights or torches four to five feet apart, both of which can be plainly seen at a point in the road 300 ft. from the barrier."

The contract also provided that two barricades in each instance should be placed, one shortly behind the other, and that lights should be maintained on the first barricade. When appellants closed the south half of

the highway where the fills were being paved, they erected wooden barriers across each end of the south half of the pavement at those points, but failed to erect any further barriers. They failed to place two barriers at each of the fills, as required in the contract, and they failed to place on the barriers lights as required by the contract.

"That at various and different times shortly before the injury hereinafter mentioned occurred, and while the defendants were maintaining the barriers at the points where their pavement was being laid, and at the point here in question, they learned that the lights which they were using were insufficient and the barriers they had erected and were using were improper. Theretofore on different occasions the barriers had been run into and broken down, of which fact they were aware, lights had been taken off of the barriers and they had lost from the barriers about three dozen lanterns, and they were aware that the method of protection afforded by the barriers which they had placed, and the method of lighting the same was not sufficient to afford adequate and proper protection to the users of the road in view of the nature of the travel and traffic had thereon."

About six o'clock the night the accident occurred, appellants placed one lighted lantern on each barrier on each end of the several fills which they had paved, and which were protected from travel by the barriers. They also placed lanterns on sign posts erected by Skagit county, which sign posts were not erected for the purpose of giving any notice of the paving or work which appellants were doing. Those sign posts, which were erected at a prior time for other purposes, foreign to this inquiry, were on the right-hand side of the highway on the shoulder of the road some distance from the pavement and several hundred feet from the barricades.

Between eight and eight-thirty the night the acci-

dent occurred, one of the appellants passed the point at which respondent ran off the highway and saw that the lights were burning. He did not make the trip for the purpose of inspecting the lights, nor did appellants have any flagmen, watchmen, agents, servants or employees in any manner checking up on the lights or warning the traveling public in any way whatsoever. It was the practice of appellants to light the lanterns about six o'clock at night and leave them and not inspect the same at all during the night, but to return after daylight next morning and remove the lights. A trip past the lights on the night of the accident was not made by one of the appellants for the purpose of inspection; he merely chanced to be passing in that direction. About thirty minutes before respondent was injured, other parties passed the point where the accident occurred and there were no lights whatsoever on the barrier at the west end of the paved fill where respondent was injured.

About nine o'clock the night of August 27, 1933, when it was dark, respondent was lawfully driving his automobile easterly on that highway. He passed all the fills in the road where appellants were doing work and where barriers were maintained, with the exception of the last; that is, the one nearest the east end of the road. In approaching the last fill from a westerly direction, respondent was proceeding at a lawful rate of speed and in a careful and prudent manner on the right-hand side of the center of the paved portion of the roadway.

"That because of the negligence and carelessness of the defendants in placing, erecting and maintaining the barrier and failing to erect proper barriers at the west end of the last fill which defendants were paving, and through their failure to place and maintain adequate lights thereon, or provide adequate warning of

danger by a watchman or otherwise, and through their failure to maintain while plaintiff was using said roadway any light whatsoever upon the barrier and obstruction at the west end of said fill, and through their carelessness in closing, by said barrier, the southerly half of said pavement and roadway, and because of the fact that the material from which said barrier was constructed was about the same color as the pavement itself, and the dirt which was placed by defendants at and near the foot of the barrier was of such a color that at night the lights of an automobile would not readily disclose to the driver the fact that the barrier existed, the plaintiff could not with reasonable prudence see, nor would he know of the existence of said barrier, until he was practically upon it. That along the northerly side of said pavement there was a comparatively level shoulder of the road made of soft dirt. This shoulder was several feet wide and to the north of that was a deep ditch. That at a point almost opposite to the barrier here in question, but on the dirt shoulder on the northerly side of the highway, the defendants carelessly left a heavy plank lying thereon close to the margin of the pavement.

"That the plaintiff on August 27, 1933, owned a Ford automobile which he was driving as aforesaid, and suddenly and without warning to him, and without fault on his part, but owing solely to the carelessness and negligence of the defendants as aforesaid, plaintiff was unexpectedly confronted with the barrier, constructed and maintained as aforesaid, across the southerly half of the paved portion of the roadway, and in order to avoid running squarely into the same plaintiff was obliged to and did prudently and properly swerve and turn his car suddenly to the left and missed said barrier, but he had to turn so suddenly and unexpectedly that he could not with reasonable prudence keep his car on the road and the same struck the plank on the north side of the highway aforesaid and from that point, without fault on the part of plaintiff, went into the ditch on the northerly side of the highway, thereby seriously damaging, breaking and injuring said car and injuring the plaintiff."

Prior to the injury, appellants had been informed that the lights which they were using were insufficient and the barriers they had erected and were using were improper. They were cognizant of the fact that the method of protection afforded by the barriers which they had placed and the method of lighting the same were not sufficient to afford adequate and proper protection to the users of the road, in view of the nature of the traffic had thereon. Doubtless aware that the means used to warn travelers on that highway of the presence of the obstruction were not sufficient, appellants maintained two night watchmen for a short time. Ten or twelve days prior to this accident, they discontinued this service.

Under the conditions as recited above, it is clear that appellants did not afford the protection to the traveling public required of them.

"A street undergoing repairs may be closed to traffic. *Peterson v. Seattle,* 40 Wash. 33, 82 Pac. 141; *Stack v. Dowell, Inc.,* 172 Wash. 9, 19 P. (2d) 125. Under some conditions, it may be the city's duty to close a street under repair. McQuillin, Municipal Corporations (2d ed.), § 2992. In any event, it can escape liability for failure to maintain a street in reasonably safe condition for travel by setting up suitable barricades and lights to warn travelers of the unsafe condition of the street. *Peterson v. Seattle, supra; Tagge v. Roslyn,* 51 Wash. 258, 98 Pac. 668; *Lautenschlager v. Seattle,* 77 Wash. 12, 137 Pac. 323. The guards and warning devices must be sufficient to apprise a traveler, using reasonable care, that the street is not in a safe condition for ordinary travel. *Hunter v. Montesano,* 60 Wash. 489, 111 Pac. 571, Ann. Cas. 1912B, 955; McQuillin, Municipal Corporations (2d ed.), § 2993. McQuillin there says:

" 'It is the duty of the municipality, when the obstructions are placed in the street, to use such means as are reasonably necessary to warn those using the street of the presence of the obstruction, and it is gen-

erally a question for the jury, "under the particular facts in each case, to determine whether or not the means used for this purpose were reasonably sufficient. Guard rails, lights, or watchmen, any or all, might be required, according to the local conditions. In some instances guard rails might be amply sufficient, in others, lights, while in still others additional means might be required. No hard and fast rule can be laid down fixing the means that shall be employed in each particular case, further than to say that they shall be such as are reasonably sufficient to warn the traveling public of the presence of the obstruction."'" *Bullock v. King County,* 179 Wash. 167, 36 P. (2d) 609.

The facts in *Brengman v. King County,* 107 Wash. 306, 181 Pac. 861, are quite similar to the facts in the case at bar. There the defendant county placed lights on a barricade on a busy highway. The lights were destroyed by passing motorists, and after their destruction the plaintiff ran into the barrier and sustained personal injuries for which he instituted an action against the county. The trial court directed a verdict for the defendant. On appeal therefrom, we reversed the judgment on the ground that the jury should have been permitted to determine the question whether sufficient lights had been placed on the barrier in the first instance and whether those lights were adequately protected. We said:

"The obstruction of the highway existing at a point where a great many automobiles pass during both daylight and dark, and at a point where they are permitted to travel at considerable speed, the county was under an obligation to show such lights, protected by a barricade around the place being repaired, as that one approaching could see that a dangerous condition existed. In placing lights upon this barricade it was necessary that they be so placed that automobile drivers would not be liable to destroy them in passing, and the question as to whether the barricade had been so constructed and the lights so placed is a question of fact for the jury, in view of the testimony which dis-

closed that the lights so placed had been twice destroyed within a short period preceding the plaintiff's injury. The trial court was in error in determining, as a matter of law, that the county had done its full duty, and should have submitted to the jury the question as to whether the placing of the lights, under all the circumstances and conditions testified to, was the giving of a sufficient and proper warning to protect the public upon the highway from possible injury. *Sutton v. Snohomish,* 11 Wash. 24, 39 Pac. 273, 48 Am. St. 847, decides that a question is presented for the jury's determination when it has been shown that barricades constructed 'were liable to be thrown down at any moment by the mere carelessness or thoughtlessness of persons passing along.'

"*Reed v. Spokane,* 21 Wash. 218, 57 Pac. 803, approves as correct an instruction submitting to the jury, in a case similar to this, a question as to whether the municipality had originally constructed 'sufficient barriers, guards, and beacons or danger lights' to protect any reasonably careful person from danger.'

"The later case of *Tagge v. Roslyn,* 51 Wash. 258, 98 Pac. 668, relied upon by the respondent, is one in which the lower court was justified in determining, as a matter of law, that the barriers placed around an excavation were sufficient, the court saying: 'considering the nature of the excavation and the temporary character of the barriers placed around it, they having been placed there simply to guard the excavation over night, we feel constrained to hold that the court did not err in holding that the barriers were legally sufficient,' the barriers having been securely fastened and there being enough light to enable one to see them.

"The barricade in the *Sutton* case was for the protection of pedestrians only, and was not subject to the destruction which comes to barricades placed upon the traveled highway over which rapidly moving automobiles are constantly coming and going."

It is argued that appellants placed a lantern on a caution sign three hundred feet distant from the obstruction. While it is quite true that there was evidence that a light was upon this sign, that light was not to

give warning of the dangerous obstruction. That light was placed in its then position by the county a year prior to the laying of the pavement on the fills. The purpose of that light was to warn the traveler that the pavement ended and the dirt road commenced. No notice was given by that light other than that there was danger at that particular point; that is, at the point off of the pavement where the sign was placed. That light was not intended as a warning of the presence of a barricade, nor was it a warning of the existence of that condition. The fact that a red light was at that point did not relieve appellants of the duty of maintaining such means as were reasonably necessary to warn the traveling public of the presence of the obstruction.

It is next contended by counsel for appellants that respondent's contributory negligence bars recovery. Respondent was proceeding in a lawful manner. As soon as he discovered that there was an obstruction—at the time of such discovery he was from fifteen to twenty-five feet distant from the barrier— he instinctively put on his brakes and turned to his left to avert a collision. The passageway was too narrow for him to again turn to the right and stay on the ten-foot strip of pavement, and as soon as the wheels of his car struck the dirt shoulder, his automobile turned over. Respondent tried to turn his car; he tried to stop; he failed in his efforts; he was confronted with an emergency; he was placed suddenly in a position of peril without sufficient time to consider all of the circumstances; he had been placed in that position of danger by appellants.

The trial court correctly held that respondent was not guilty of contributory negligence. We have consistently held that we will not too carefully scrutinize the action of one who is placed in peril by the negli-

gence or wrongful act of another. *Sheffield v. Union Oil Co.,* 82 Wash. 386, 144 Pac. 529; *Watkins v. Interstate Coach Co.,* 145 Wash. 221, 259 Pac. 393.

The judgment is affirmed.

HOLCOMB, MITCHELL, STEINERT, and BLAKE, JJ., concur.