[No. 14168.   Department Two.   January 16, 1918.]

## JAMES A. BUCHANAN, *Respondent*, v. SAN JUAN COUNTY, *Appellant*.[1]

HIGHWAYS — DEFECTS — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY. Negligence in the maintenance of a county highway and the contributory negligence of the driver of a team with a load of hay, are questions for the jury, where the wagon skidded off the roadbed, owing to a narrow fill which was wet and slippery and unguarded by fences or barriers, its unsafe condition having been previously called to the attention of the road supervisor, and there being competent evidence as to the driver's care.

Appeal from a judgment of the superior court for San Juan county, Brawley, J., entered October 4, 1916, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained through a defective highway. Affirmed.

*Frank P. Christensen* and *F. A. Beltz,* for appellant.

*I. J. Irwin* and *Joiner & English,* for respondent.

HOLCOMB, J.—In this action for personal injuries, alleged to have been received by respondent through the negligence of appellant in the construction and maintenance of one of its public highways, respondent recovered verdict and judgment. With the exception of the legal question of whether the evidence is sufficient to warrant a recovery, the case presents nothing but questions of fact.

Appellant contended at the trial, and here, that respondent was guilty of contributory negligence, in that, at the time of the accident, he departed from the traveled part of the road; that, in binding his load of hay upon his wagon, he used a cracked binding pole; that he used plow whiffletrees upon his wagon on the day in question and that they were so attached to the wagon as to allow some play in guiding the wagon. All these questions were presented to the jury upon somewhat

[1]Reported in 169 Pac. 972.

conflicting evidence as to some of them, and all were resolved in favor of respondent.

The evidence of respondent presents the following case: On December 6, 1915, respondent left his son's place and went to another place, distant about one mile, and obtained a load of hay, with which he returned along the road in question to the place where the injury occurred. He was driving his team at a walk with the load of hay, and when about half way across a ravine, which is from ninety-five to one hundred feet long, was, by reason of the sliding or skidding of the wagon off the grade of the road, tipped over and precipitated into the ravine, a distance from the top of his load of about thirty-seven feet, receiving the injuries complained of. It is shown that, when the road where the accident happened was first constructed across the ravine, the roadbed was graded the full width of the fill, about twenty feet, and maintained at this width until 1915, when a high and narrow fill was constructed which, for a few days prior to the trial and about six months after the accident, measured eight feet two inches to nine feet in width, and two feet nine inches high, and, at the time of the accident, was about seven feet six inches wide. It is shown that, at the time of the accident, on account of the height and narrowness of the fill and its being wet, it had become so slippery as to be dangerous for ordinary public travel, and, also, that the appellant had not provided suitable barriers along the ravine to protect the public against accidents of this character. Respondent testified that he drove upon the fill across the ravine with his horses and wagon squarely in the road, and about half way across the ravine, or about forty-five feet from the east end of the fill, and owing to the high, narrow and slippery condition of the road, his wagon began to skid off the roadbed from eight to fifteen feet, and turned the wagon over, precipitating him into the ravine; that he was driving at a walk with the load of hay; that the team was in the traveled part of the fill all of the time when the wheels began to slide; that the wheels skidded

about the length of the wagon; that the road was wet; that the load was well balanced and not tipping before the wagon began to skid; that, just as the wagon went over, the binding pole cracked and the hay bounced up and went into the ravine and he went with it. The unsafe condition of the road had previously been called to the attention of the road supervisor. Shortly after the accident, fences or barriers were placed across the road by the county, preventing travel across the fill. The jury viewed the scene of the accident, and, at that time, the tracks of respondent's wagon could be seen. The jury could see for themselves where the tracks were and where the wagon went.

The case presents conditions as to the negligence of appellant in maintaining a reasonably safe roadway, and proof that such was the cause of the accident, very similar to those in *Archibald v. Lincoln County*, 50 Wash. 55, 96 Pac. 831, and *Neel v. King County*, 53 Wash. 490, 102 Pac. 396, where it was held that the condition of the road at the time, as to whether it was safe or unsafe for travel, and of the contributory negligence of the injured person, were questions for the jury. All these questions having been determined by the jury upon competent evidence, and there being no error of law occurring in or complained of at the trial, the judgment must be affirmed.

Affirmed.

ELLIS, C. J., MOUNT, MORRIS, and CHADWICK, JJ., concur.